

**FILED**

**JAN 2 5 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## In the United States District Court
### For the District of Columbia

Margot Canaday, *pro se*                                )
6922 Prince Georges Avenue                              )
Takoma Park, MD 20912                                   )
301-270-7465                                            )        Case No._____
           Plaintiff,                   )
                                     )

v.

U.S. Citizenship and Immigration Services,          Case: 1:08-cv-00158
~~U.S. Department of Homeland Securi~~ty             Assigned To : Collyer, Rosemary M.
111 Massachusetts Avenue, N.W.                      Assign. Date : 1/25/2008
ULLICO Building                                     Description: FOIA/Privacy Act
Washington, D.C. 20529                              )
                                     )
           Defendant.                  )
_____             )

### Complaint for Declaratory and
### Injunctive Relief

Plaintiff Margot Canaday brings this action against Defendant United States Citizenship and Immigration Services, Department of Homeland Security ("CIS") to compel compliance with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). As grounds therefore, Plaintiff alleges as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### Parties

3.      Plaintiff is a historian at Princeton University, having her principal place of business at 21a Joseph Henry House, Princeton, NJ 08544.

4.      Defendant CIS is a federal government agency, having its principal place of business at 111 Massachusetts Avenue, NW, ULLICO Building, Washington, D.C. 20529. Defendant has possession, custody, and control of the records Plaintiff seeks.

### Statement of Facts

1.      On March 16, 2006, Plaintiff submitted a FOIA request to CIS requesting specific files from the series entitled Central Office Files, 1957-1995. Plaintiff listed the file numbers, based upon information she obtained from the CIS library in Washington, and provided the box number and location of each file, based upon information she obtained from the historian at the CIS. *See* Exhibit A.

2.      More than three months passed during which Plaintiff did not receive a response to her request. On June 26, 2006, she sent a letter to CIS by regular mail and fax, requesting confirmation that they had received her FOIA request of March 16, 2006. In her letter, Plaintiff offered to review the files for documents relevant to her research if that would expedite the release of the materials. *See* Exhibit B and Exhibit B1.

3.      Also on June 26, 2006, Plaintiff submitted a second FOIA request to CIS specifically identifying additional files. *See* Exhibit C.

4.      Subsequently, Plaintiff received a letter back-dated April 5, 2006, confirming the receipt of her initial FOIA request and assigning it the control number COW2006001539. *See* Exhibit D.

5.      On September 1, 2006, Plaintiff sent a letter to CIS, asking CIS to confirm that they had received her second FOIA request of June 26, 2006. In her letter, Plaintiff again offered to review the files to expedite release of the materials. *See* Exhibit E.

6.      On September 19, 2006, a woman who identified herself as Brenda Mendenhall called in response to Plaintiff's letter of September 1, 2006. Ms. Mendenhall informed Plaintiff that CIS never received the second FOIA request. Accordingly, Plaintiff resubmitted the request on September 26, 2006. *See* Exhibit F.

7.      On October 6, 2006, Plaintiff received a letter from CIS indicating that her second request, COW2006004452, had been "duplicated within the [Defendant's FOIA/PA tracking] system" and closed out. The letter further indicated that Plaintiff's original request COW2006001539 "will be processed." *See* Exhibit G.

8.      On October 19, 2006, Plaintiff received a letter from CIS stating that Plaintiff may be charged for time spent by CIS searching the records, and for any copies made. The letter also instructed Plaintiff to contact CIS immediately. *See* Exhibit H.

9.      On or about October 19, 2006, Plaintiff contacted Ms. Mendenhall at CIS by telephone. Ms. Mendenhall told Plaintiff that she was a commercial requester (because the research was part of a book) and it was too burdensome. Plaintiff told Ms. Mendenhall that she was not a commercial requester—her book was academic not trade, served the public good, and was not a profit-making venture. Plaintiff also told Ms. Mendenhall that she did not believe that her request was overly burdensome. Plaintiff explained that she was only asking for access to review forty-one specifically identified

files that were located in twenty-five specifically identified boxes. Plaintiff further explained that she was not asking that the files be copied in their entirety—only that she be granted access to review the files at any CIS/DHS "reading room" anywhere in the country to identify the specific documents relevant to her research. Ms. Mendenhall told Plaintiff that she would get back to Plaintiff within a week to update her on the status of the request.

10.     Ms. Mendenhall did not call Plaintiff back. On November 7, 2006, Plaintiff called Ms. Mendenhall and left a message asking her to call Plaintiff. Ms. Mendenhall did not respond. Plaintiff called again on November 13, 2006 and left a similar message. Ms. Mendenhall never responded.

11.     On April 24, 2007, Plaintiff appealed the constructive denial of her FOIA request pursuant to 8 C.F.R. §103.10(c)(2). *See* Exhibit I.

12.     On May 18, 2007, Denise Long from CIS contacted Plaintiff by telephone regarding Plaintiff's appeal. Ms. Long informed Plaintiff that CIS was in the process of pulling boxes in Harrisburg, Pennsylvania and sending them to the Federal Records Center in Lee Summit, Missouri. Ms. Long invited Plaintiff to stay in touch with her to monitor the status of the request.

13.     On June 4, 2007, Ms. Long called Plaintiff to say she was waiting for a letter from the legal division at CIS. Upon receipt of that letter, CIS would send all of the boxes containing the files Plaintiff requested to the Federal Records Center in Lee Summit, where the records would be scanned and processed.

14.     Plaintiff placed a follow-up call to Ms. Long on June 18, 2007. Ms. Long told Plaintiff that the files Plaintiff requested had been sent to the Federal Record Center. Plaintiff told Ms. Long that she would be out of town until July 1, 2007, and Ms. Long asked that Plaintiff call her when she returned.

15.     On or about that same date, Plaintiff received a letter from Peter Gregory, Chief of the Commercial and Administrative Law Division at CIS. Mr. Gregory's letter stated that CIS is "returning your request to the National Records Center for review and response to you." *See* Exhibit J.

16.     On July 3, 2007, Plaintiff called Ms. Long. Ms. Long told Plaintiff that she would contact the Federal Records Center for an update on the request, and that Plaintiff would hear from them directly by e-mail or letter.

17.     Plaintiff did not hear from the Federal Records Center. On August 10, 2007, Plaintiff called Ms. Long and left a message asking for a status update. Ms. Long did not return the call.

18.     On August 17, 2007, Plaintiff again left a message for Ms. Long asking her to call Plaintiff. Ms. Long did not return Plaintiff's call.

19.    On October 3, 2007, Plaintiff faxed a letter to Ms. Long. In that letter, Plaintiff narrowed her request to just six files for the years 1957-1995. Plaintiff stated that she hoped that this would enable CIS to fulfill the request in a timely manner, and again requested an update as to the status of the request. *See* Exhibit K.

20.    Ms. Long responded by voicemail and fax, instructing Plaintiff to contact the Federal Records Center directly. *See* Exhibit L.

21.    On October 9, 2007, Plaintiff sent a letter to the Federal Records Center, stating that she was narrowing her request to just six files for the years 1957-1995, and hoped that this would enable them to fulfill the request in a timely manner. In her letter, Plaintiff also requested an update as to the status of the request. *See* Exhibit M.

22.    On October 12, 2007, Plaintiff placed a call to Brian J. Welsh, Chief, Freedom of Information Act and Privacy Act at the Federal Records Center. Mr. Welsh did not return Plaintiff's call.

23.    On October 19, 2007, Plaintiff again called Mr. Welsh at the Federal Records Center. Plaintiff's call was returned by Ms. Tracy Bellisime. Ms. Bellisime apologized for the way CIS had dealt with the request. Ms. Bellisime said that she did not understand why the request had been mishandled and that it was an "embarrassment to the agency." Ms. Bellisime assured Plaintiff that she would have a final answer concerning what files CIS would produce within two weeks.

24.    A few days later, Plaintiff received a letter from T. Diane Cejka at the Federal Records Center assigning her case the number NRC2007068249. *See* Exhibit N.

25.    In early November, Ms. Bellisime and Plaintiff spoke again. Ms. Bellisime told Plaintiff that she had screened files CO 212.5, CO 212.9, CO 234, and CO 234. She did not have file CO 243, and Plaintiff agreed at that time to drop her request for that file (cutting the original request down to five files). Ms Bellisime said that file CO 212.3 also had not been sent to the Federal Records Center. Plaintiff told Ms. Bellisime that she did not want to eliminate that file from her request. Ms. Bellisime stated that she would obtain the file and screen it. Depending on how long that took, Ms. Bellisime said that documents would either be sent to Plaintiff in one batch consisting of all five files or two batches consisting of files CO 212.5, CO 212.9, CO 234, CO 235 coming before file CO 212.3.

26.    On November 26, 2007, Plaintiff left a message for Ms. Bellisime asking for an update on the status of the request. Ms. Bellisime did not return the call.

27.    On December 6, 2007, Plaintiff left a message for Ms. Bellisime asking for an update on the status of the request. Ms. Bellisime did not return the call.

28. On December 12, 2007, Plaintiff left a message for Ms. Bellisime asking for an update on the status of the request. Ms. Bellisime did not return the call.

29. On January 2, 2008, Plaintiff sent a final letter to CIS forwarding a draft copy of this complaint. In her cover letter, Plaintiff explained that she would prefer to receive a proper response to her FOIA request without having to file a lawsuit and urged CIS to contact her by January 20, 2008, to resolve her request. Plaintiff renewed her offer to review the files and request copies of only those documents that are relevant to her research. In addition, Plaintiff offered to narrow her request to documents from the files that pertain to homosexuality; sexual deviation or sexual deviates/deviants; and psychopathic personality/ies or psychopathy. *See* Exhibit O.

30. As of January 20, 2008, Defendant CIS has failed to respond or produce records responsive to Plaintiff's requests or otherwise deny the existence of such records or assert such records are exempt from production under 5 U.S.C. §552(b).

### Cause of Action
(Violation of FOIA)

31. Plaintiff realleges paragraphs 1 through 30 as if fully stated herein.

32. Defendant CIS has violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's March 16, 2006 and June 26, 2006 FOIA requests within the 20 day time period required by 5 U.S.C. §552(a)(6)(A)(i) or otherwise deny the existence of such records or assert such records are exempt from production under 5 U.S.C. §552(b).

WHEREFORE, Plaintiff respectfully requests the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) order Defendant to search for and produce by a date certain any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* index of responsive records subject to a claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintifff an award of litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E), and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 25, 2008

Respectfully submitted,

Margot Canaday

Margot Canaday, Ph.D
6922 Prince Georges Avenue
Takoma Park, MD 20912

*Exhibit A*



PRINCETON UNIVERSITY
SOCIETY OF FELLOWS
IN THE LIBERAL ARTS

JOSEPH HENRY HOUSE
PRINCETON, NJ 08544
TEL 609-258-4717
FAX 609-258-2783

March 16, 2006

United States Citizenship and Immigration Services
Magda S. Ortiz, Director
FOIA/PA Program
111 Massachusetts Avenue, N.W., 2nd Floor
ULLICO Buiding
Washington, D.C. 20529

Dear Ms. Ortiz:

This is a request under the Freedom of Information Act [5 U.S.C. Section 552]. Pursuant to that act, I am requesting access to records from the following series: "Central Office Subject Correspondence Files 1957-1995." In particular, I am seeking access to the following eleven files:

**CO 101.2**
FCO = HPG
Box 4

**CO 212.3**
FCO =HPG
Box 14

**CO 212.27**
FCO = HPG
Box 14

**CO 212.42**
FCO=HPG
Box 15

**CO 212.44**
FCO=HPG
Box 15

**CO 212.45**
FCO=HPG
Box 15

**CO 212.46**
FCO = HPG
Box 16

**CO 212.5**
FCO =HPG
Box 13

08 0158

**FILED**

JAN 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**CO 212.9**
FCO = HPG
Box 13, Box 75

**CO 236.2**
FCO = HPG
Box 33

**CO 1000**
FCO = HPG
Box 85

Because my work is purely academic (I am a historian) and serves the public good, I ask that your agency exercise its discretion to release information that may be technically exempt but where withholding would serve no important public interest.

The FOIA provides that even if some requested material is properly exempt from mandatory disclosure, all segregable portions must be released [5 U.S.C. Section 552(b)]. If all material covered by this request is withheld, please inform me of the specific exemptions that are being claimed. If the requested material is released with deletions, I ask that each deletion be marked to indicate the exemption(s) being claimed to authorize each particular withholding.

The FOIA provides that agencies may reduce or waive fees if it would be "in the public interest because furnishing the information can be considered as primarily benefiting the public" [5 U.S.C. Section 552(a) (4) (A)]. Because I will use this information to help educate the public about the history of American immigration and citizenship, this request will primarily benefit the public. I therefore ask that you waive any fees relating to this request. If you rule otherwise, and if the fees will total more than $250.00, I ask that you inform me of the charges before you fill my request.

I can be reached by email at mcanaday@princeton.edu, by phone at 301-270-2465, or by regular mail at the above address.

As provided under the FOIA, I will expect a reply to this letter within twenty working days.

Thank you for your assistance.

Sincerely,

*Margot Canaday*

Margot Canaday, Ph.D.
Cotsen-Perkins Postdoctoral Fellow, 2005-2008

*Exhibit E*



PRINCETON UNIVERSITY
SOCIETY OF FELLOWS
IN THE LIBERAL ARTS

JOSEPH HENRY HOUSE
PRINCETON, NJ 08544
TEL 609-258-4717
FAX 609-258-2783

**By fax and regular mail**

June 26, 2006

United States Citizenship and Immigration Services
Madga S. Ortiz, Director
FOIA/PA Program
111 Massachusetts Avenue, N.W., 2nd Floor
ULLICO Building
Washington, D.C. 20529
Fax: 202-272-8331

Dear Ms. Ortiz:

In March of this year, I submitted a FOIA request to your office. I have yet to receive any acknowledgement from your office regarding this request. Could you please let me know if you received my request, and if so, what my tracking number is and when I might expect to hear from you?

I am attaching a copy of the original FOIA to this letter. To further clarify my request, it is my understanding that these files are in Harrisburg (HBG not "HPG" as I stated in the original request). Of the eleven files I have requested access to review, my highest priorities are: CO 101.2, CO 212.3, CO 212.5, CO 212.9, and CO 236.2. To expedite the release of materials, I am willing to come to either the Washington D.C. or the Harrisburg office to review files.

For your information, I will also be submitting by regular mail a second FOIA request for an additional 30 files from the same series (Central Office Subject Correspondence Files 1957-1995).

**Please contact me at the following address: 6922 Prince Georges Avenue, Takoma Park, MD 20912; by phone at 301-270-2465; or by email at mcanaday@princeton.edu.**

Thank you for your assistance.

Sincerely,

*Margot Canaday*

Margot Canaday, Ph.D.
Cotsen-Perkins Postdoctoral Fellow, 2005-2008

**08 0156**

**FILED**

**JAN 2 5 2008**

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

Washington, D.C. 20___

Fax: 202-272-8331

*Exhibit B-1*

Dear Ms. Ortiz:

In March of this year, I submitted a FOIA request to your office. I have yet to receive any acknowledgement from your office regarding this request. Could you please let me know if you received my request, and if so, what my tracking number is and when I might expect to hear from you?

I am attaching a copy of the original FOIA to this letter. To further clarify my request, it is my understanding that these files are in Harrisburg (HBG not "HPG" as I stated in the original request). Of the eleven files I have requested access to review, my highest priorities are: CO 101.2, CO 212.3, CO 212.5, CO 212.9, and CO 236.2. To expedite the release of materials, I am willing to come to either the Washington D.C. or the Harrisburg office to review files.

For your information, I will also be submitting by regular mail a second FOIA request for an additional 30 files from the same series (Central Office Subject Correspondence Files 1957-1995).

**Please contact me at the following address: 6922 Prince Georges Avenue, Takoma Park, MD 20912; by phone at 301-270-2465; or by email at mcanaday@princeton.edu.**

Thank you for your assistance.

Sincerely,

*Margot Canaday*

Margot Canaday, Ph.D.
Cotsen-Perkins Postdoctoral Fellow, 2005-2008

fellows@princeton.edu     www.princeton.edu/~sf

---

**TX REPORT**

| | |
|---|---|
| TRANSMISSION OK | |
| TX/RX NO | 2016 |
| CONNECTION TEL | 9272831 |
| CONNECTION ID | |
| ST. TIME | 09/26 13:26 |
| USAGE T | 00.40 |
| PGS. SENT | 3 |
| RESULT | OK |

09/26/2006 13:26 FAX 202 219 1790     DIVISION OF GENERAL LAW     ☐001

Exhibit C



PRINCETON UNIVERSITY
SOCIETY OF FELLOWS
IN THE LIBERAL ARTS

JOSEPH HENRY HOUSE
PRINCETON, NJ  08544
TEL 609-258-4717
FAX 609-258-2783

**By regular mail**

June 26, 2006

US Citizenship and Immigration Services
Magda S. Ortiz, Director
FOIA/PA Program
111 Massachusetts Avenue, N.W., 2nd Floor
Washington DC, 20529

Dear Ms. Ortiz:

This is a request under the Freedom of Information Act [5 U.S.C. Section 552]. Pursuant to that act, I am requesting access to records from the series: "Central Office Subject Correspondence Files 1957-1995." It is my understanding that these files are located in Harrisburg, PA. To expedite the release of materials, I am willing to travel to either the Washington DC or the Harrisburg office to review files.

In particular, I am requesting access to review the following files:

--CO 212 [CIS, Box 12]
--CO 212.11 [CIS Box 13]
--CO 212.12 [CIS, Box 13]
--CO 212.4 [CIS, Box 13-14]
--CO 212.6 [CIS, Box 13]
--CO 235 [CIS, Box 21-22]
--CO 235.5 [CIS, Box 23, 25]
--CO 235.6 [CIS, Box 26]
--CO 235.7 [CIS, Box 28]
--CO 235.8 [CIS, Box 23, 31]
--CO 235.9 [CIS, Box 23, 32]
--CO 236 [CIS, Box 33]
--CO 236.2 [CIS Box 33]
--CO 241-CO 241.4 [CIS, Box 34]
--CO 243.55 [CIS, Box 35]
--CO 272 [CIS, Box 38]
--CO 316 [CIS, Box 41]
--CO 335 [CIS, Box 45, 115]
--CO 723, 723.2 [CIS, Box 71]
--CO 791 [CIS, Box 75]
--CO 808.2 [CIS, Box 77]

No box numbers known:
--CO 212.24

08 0156

**FILED**

JAN 2 5 2008



NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

--CO 212.25
--CO 212.26
--CO 234
--CO 243.51
--CO 715.3
--CO 982
--CO 986
--CO 1165

Because my work is purely academic (I am a historian) and serves the public good, I ask that your agency exercise its discretion to release information that may be technically exempt but where withholding would serve no important public interest.

The FOIA provides that even if some requested material is properly exempt from mandatory disclosure, all segregable portions must be released [5 U.S.C. Section 552(b)]. If all material covered by this request is withheld, please inform me of the specific exemptions that are being claimed. If the requested material is released with deletions, I ask that each deletion be marked to indicate the exemption(s) being claimed to authorize each particular withholding.

The FOIA provides that agencies may reduce or waive fees if it would be "in the public interest because furnishing the information can be considered as primarily benefiting the public" [5 U.S.C. Section 552(a) (4) (A)]. Because I will use this information to help educate the public about the history of American immigration and citizenship, this request will primarily benefit the public. I therefore ask that you waive any fees relating to this request. If you rule otherwise, and if the fees will total more than $250, I ask that you inform me of the charges before you fill my request.

**Please contact me at the following address: 6922 Prince Georges Avenue, Takoma Park, MD 20912; by phone at 301-270-2465; or by email at mcanaday@princeton.edu.**

Thank you for your assistance.

Sincerely,

Margot Canaday

Margot Canaday, Ph.D.
Cotsen Perkins Postdoctoral Fellow, 2005-2008

Exhibit D



**U.S. Citizenship
and Immigration
Services**

April 5, 2006

**COW2006001539**

Margot Canaday
Joseph Henry House
Princeton, NJ 08544

Dear Margot Canaday:

We received your request for information relating to Central Office Subject Correspondence Files -1957-1995 on April 5, 2006.

Your request is being handled under the provisions of the Freedom of Information Act
(5 U.S.C. 552). It has been assigned the following control number: COW2006001539. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

If you have further questions, please address your inquiry to this office, Attention: FOIA/PA Officer. You may also call us at 202-272-8273 or fax any correspondence to 202-272-8329.

Sincerely,

*U. McKeithan*

Valerie McKeithan
Chief, FOIA/PA Section

**08 0156**

**FILED**

**JAN 2 5 2008**

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

www.uscis.gov

*Exhibit E*



PRINCETON UNIVERSITY
SOCIETY OF FELLOWS
IN THE LIBERAL ARTS

JOSEPH HENRY HOUSE
PRINCETON  NJ  08544
TEL  609 258 4717
FAX  609 258 2783

**By regular mail**

September 1, 2006

United States Citizenship and Immigration Services
Madga S. Ortiz, Director
FOIA/PA Program
111 Massachusetts Avenue, N.W., 2nd Floor
ULLICO Building
Washington, D.C. 20529

Dear Ms. Ortiz:

In March of this year, I submitted a FOIA request to your office. In June, I had not received a response to that FOIA and I wrote your office to inquire into the status of my request. I also informed you at that time that I would be submitting a second FOIA request to your office. Shortly thereafter, a response to my first request was mailed to me (dated April 5, although I had never received it). The control # on that request is COW2006001539. **I have still not received a response to my second FOIA request—dated June 26, 2006.** Would you please let me know if you received that request, and if so, what my control number is and when I might expect to hear from you?

To help clarify matters, I am attaching a copy of the March 16 request to this letter, along with your response of April 5, **as well as the June 26 FOIA request for which I am seeking a control number.**

Finally, to expedite the release of materials (regarding both requests), I am willing to come to the Harrisburg office or the central office in D.C. to review the files. (I am willing to travel anywhere in the continental United States to review files if it means materials can be released more quickly.)

Thank you for your assistance.

Sincerely,

*Margot Canaday*

Margot Canaday, Ph.D.
Cotsen-Perkins Postdoctoral Fellow, 2005-2008

Attachments

08 0158

**FILED**

JAN 2 5 2008

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit F



PRINCETON UNIVERSITY
SOCIETY OF FELLOWS
IN THE LIBERAL ARTS

JOSEPH HENRY HOUSE
PRINCETON, NJ 08544
TEL 609 258 4717
FAX 609 258 2783

**By regular mail**

September 26, 2006

US Citizenship and Immigration Services
Magda S. Ortiz, Director
FOIA/PA Program
111 Massachusetts Avenue, N.W., 2nd Floor
Washington DC, 20529

Dear Ms. Ortiz:

This is a request under the Freedom of Information Act [5 U.S.C. Section 552]. Pursuant to that act, I am requesting access to records from the series: "Central Office Subject Correspondence Files 1957-1995." It is my understanding that these files are located in Harrisburg, PA. **To expedite the release of materials, I am willing to travel to either the Washington DC or the Harrisburg office to review files.**

In particular, I am requesting **access to review** the following files:

--CO 212 [CIS, Box 12]
--CO 212.11 [CIS Box 13]
--CO 212.12 [CIS, Box 13]
--CO 212.4 [CIS, Box 13-14]
--CO 212.6 [CIS, Box 13]
--CO 235 [CIS, Box 21-22]
--CO 235.5 [CIS, Box 23, 25]
--CO 235.6 [CIS, Box 26]
--CO 235.7 [CIS, Box 28]
--CO 235.8 [CIS, Box 23, 31]
--CO 235.9 [CIS, Box 23, 32]
--CO 236 [CIS, Box 33]
--CO 236.2 [CIS Box 33]
--CO 241-CO 241.4 [CIS, Box 34]
--CO 243.55 [CIS, Box 35]
--CO 272 [CIS, Box 38]
--CO 316 [CIS, Box 41]
--CO 335 [CIS, Box 45, 115]
--CO 723, 723.2 [CIS, Box 71]
--CO 791 [CIS, Box 75]
--CO 808.2 [CIS, Box 77]

No box numbers known:
--CO 105.7

08 0158

**FILED**

JAN 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

fellows@princeton.edu    www.princeton.edu/~sf

--CO 212.24
--CO 212.25
--CO 212.26
--CO 234
--CO 235
--CO 243.51
--CO 3.3
--CO 715.3
--CO 982
--CO 986
--CO 1165

Because my work is purely academic (I am a historian) and serves the public good, I ask that your agency exercise its discretion to release information that may be technically exempt but where withholding would serve no important public interest.

The FOIA provides that even if some requested material is properly exempt from mandatory disclosure, all segregable portions must be released [5 U.S.C. Section 552(b)]. If all material covered by this request is withheld, please inform me of the specific exemptions that are being claimed. If the requested material is released with deletions, I ask that each deletion be marked to indicate the exemption(s) being claimed to authorize each particular withholding.

The FOIA provides that agencies may reduce or waive fees if it would be "in the public interest because furnishing the information can be considered as primarily benefiting the public" [5 U.S.C. Section 552(a) (4) (A)]. Because I will use this information to help educate the public about the history of American immigration and citizenship, this request will primarily benefit the public. I therefore ask that you waive any fees relating to this request. If you rule otherwise, and if the fees will total more than $250, I ask that you inform me of the charges before you fill my request.

**I am most easily reached at the following address: 6922 Prince Georges Avenue, Takoma Park, MD 20912; by phone at 301-270-2465; or by email at mcanaday@princeton.edu.**

Thank you for your assistance.

Sincerely,

*Margot Canaday*

Margot Canaday, Ph.D.
Cotsen Perkins Postdoctoral Fellow, 2005-2008

‿ Exhibit G



U.S. Department of Homeland Security
2nd Floor, FOIA Section
111 Mass Avenue, NW
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

October 6, 2006

COW2006004452

Margot Canady
6922 Prince George's Avenue
Takoma Park, MD 29012

Dear Margot Canady:

This is in response to your Freedom of Information Act (FOIA) request received in this office on October 6, 2006, regarding the subject: Central Office Subject Correspondence Files 1957-1995.

Upon review of the FOIA/PA Tracking System, we discovered that your request had been duplicated within the system. This request has been closed out. The original request COW2006001539, will be processed. We apologize for any inconvenience this may have caused.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at 202-272-8273 or fax any correspondence to 202-272-8329.

Sincerely,

Valerie McKeithan-Pannell
Chief, FOIA/PA Section

08 0156

# FILED

JAN 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



2nd Floor, FOIA Section
111 Mass Avenue, NW
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

October 19, 2006

**COW2006001539**

Margot Canaday
6922 Prince Georges Avenue
Takoma, MD 20912

Dear Margot Canaday:

This is in further response to your FOIA request for information relating to Central Office Subject
Correspondence Files -1957-1995, on April 5, 2006.

Your request is being handled under the provisions of the Freedom of Information Act
(5 U.S.C. 552). It has been assigned the following control number: COW2006001539. Please cite this
number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is
deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be
charged for searching for records sought at the respective clerical, professional, and/or managerial rates of
$4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first
100 copies and two hours of search time are not charged, and the remaining combined charges for search
and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any
fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

In order to continue processing your request, we ask that you contact this office immediately so that we
may discuss the request. Please note your control number with any correspondence you send. Please
provide this information within 30 days, otherwise your request will be administratively closed as a
failure to comply.

If you have further questions, please address your inquiry to this office, Attention: FOIA/PA Officer.
You may also call Brenda Mendenhall, Paralegal Specialist, at 202-272-8247 or fax any correspondence
to 202-272-8329.

Sincerely,

*Valerie Pannell*

Valerie McKeithan-Pannell
Chief, FOIA/PA Section

**08 0158**



**FILED**

JAN 2 5 2008

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**



Exhibit I

PRINCETON UNIVERSITY
IN THE LIBERAL ARTS

JOSEPH HENRY HOUSE
PRINCETON, NJ 08544
TEL 609-258-4717
FAX 609-258-2783

**Freedom of Information Appeal**

April 24, 2007

Ms. Magda Ortiz
Director, FOIA/PA Program
Department of Homeland Security
U.S. Citizenship and Immigration Services
ULLICO Building
111 Massachussetts Avenue, NW, Second Floor
Washington, D.C. 20529

Dear Ms. Ortiz:

I am a historian at Princeton University working on an academic manuscript. As reflected in the detailed chronology below, I submitted two FOIA requests over 13 and 10 months ago, respectively, and never received a response. Accordingly, I am filing this appeal pursuant to 8CFR§103.10(c)(2) [treatment of delay as denial of request].

More specifically:

--On March 16, 2006, I submitted a FOIA request to Citizenship and Immigration Services of the Department of Homeland Security (CIS). [Exhibit A]. In the FOIA request, I identified several files from the series "Central Office Subject Correspondence Files, 1957-1995" that I wanted access to review. (File numbers were taken from an index in the CIS library in Washington D.C.). I also provided a box number and a location for each file (information that I had obtained from the historian at the CIS). I stated that I did not need copies of the documents provided to me, but only access to review the files. I started that I was willing to travel anywhere in the United States to review the files.

--I did not receive a response. On June 26, 2006, I sent a letter to the CIS by regular mail and fax. [Exhibit B and Exhibit B1]. In that letter, I asked CIS to confirm that they had received my FOIA request of March 16, 2006. I also informed CIS that I intended to send a separate FOIA with additional files that I wanted access to review. I sent that letter on June 26, 2006. [Exhibit C].

--I subsequently received a letter dated April 5, 2006, which confirmed the receipt of my original FOIA request and assigned it control number **COW2006001539**. [Exhibit D]. **08 0156**

--I never received a response to my second FOIA request. On September 1, 2006, I wrote a letter asking CIS to confirm that they had received my FOIA request of June 26, 2006. [Exhibit E].

**FILED**

JAN 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

--On September 19, 2006, CIS called in response to my letter of September 1, 2006. I was informed that they had never received the second FOIA request. I resubmitted it on September 26, 2006. [Exhibit F].

--On October 6, 2006, I received a letter from CIS stating that my request had been duplicated within the system, and that the request was being processed under control number **COW2006001539**. [Exhibit G]. (Presumably my request of March 16, 2006 and of June 26, 2006 had been combined under this one control number.)

--On October 19, 2006, I received a letter from the INS informing me that I might be charged for time spent by CIS employees searching the records, and for any copies made. The letter also instructed me to call CIS. [Exhibit H].

--On or about October 19, 2006, I spoke with CIS paralegal Brenda Mendenhall. She indicated that she believed that I was a commercial requester (because the research was part of a book) and that my request was too burdensome. I told her that I was not a commercial requester—my book was academic not trade, served the public good, and was not a profit-making venture. I also told her that I did not believe that my request was overly burdensome. I was only asking for access to review 41 files that took up some part of 25 boxes.[1] I was not asking that any information be copied and sent to me, only that I be granted permission to review the material at any CIS/DHS "reading room" anywhere in the country. Further, I had identified for the agency the exact file numbers, box numbers, and location of the material for which I sought review. I also told her that I would be willing to forgo review of any document dated 1975 or later, significantly reducing the scope of my request. She told me that she would get back to me within a week to update me on the status of my request.

--Ms. Mendenhall did not call me back. On November 7, 2006, I called her office and left a message asking her to call me. She did not respond. I called again on November 13, 2006 and left a similar message. She did not respond, and I have heard nothing further from CIS.

Open government is not always convenient, but it is the cornerstone of democracy. Thank you for your consideration of my appeal. I look forward to hearing from you.

Sincerely,

*Margot Canaday*

Margot Canaday, Ph.D
Attachments

---

[1] Note that cases denied on grounds that requests were overly burdensome usually involved either vague requests in which information could not be located, or the searching of *millions* of pages. I am requesting access, by contrast, to hundreds of pages. It is my own estimate that I could go through this information in approximately 3 days. This is clearly not a case that requires CIS staff to possess "clairvoyant capabilities" or to spend "countless numbers of personnel hours seeking needles in bureaucratic haystacks." See U.S. Department of Justice, *Freedom of Information Act Guide and Privacy Act Overview* (May 2004), 51-53.

*Exhibit I-2*

Note to FOIA File:

On May 18, 2007—Denise Long called regarding my FOIA appeal. She told me that after the INS had called me in October they had closed out my case administratively for failure to comply. Long said she saw that I had tried to contact CIS during this period, and that it was a mistake to close the case. She was therefore remanding the case and the files would be screened on a priority case.

We agreed that I would send her a list of all the files I wanted screened, and she advised me to refer to them Central Office Subject Files.

She also told me that I could call her to check the status of the request.

Her fax is 202-272-8331.

Her regular phone is 202-272-8288.

*Exhibit*
*I-2*



*Exhibit J*

U.S. Department of Homeland Security
4th Floor, FOIA Unit
111 Mass Avenue, NW
Washington, DC 20529

**JUN 13 2007**



**U.S. Citizenship
and Immigration
Services**

APP2007000476

Margot Canaday
6922 Prince Georges Avenue
Takoma, MD 20912

Re: COW2006001539

Dear Ms. Canaday:

You appealed the National Records Center's failure to comply with your Freedom of Information Act request for access to records pertaining to Central Office Subject Correspondence Files -1957-1995.

Your request, dated, March 16, 2006, was handled under the provisions of the Freedom of Information Act (FOIA) at 5 U.S.C. § 552. It was assigned the following control number: COW2006001539.

We contacted the National Records Center regarding your appeal. It is our understanding that on January 18, 2007, the National Records Center closed your FOIA request as a failure to comply because you failed to narrow the scope of your request by specifically identifying the records you were seeking.

We have since learned you forwarded correspondence dated, June 26, 2006, clarifying your request. In addition, we learned you also submitted a second FOIA request dated, June 26, 2006, requesting access to an additional thirty (30) files from the same Central Office Subject File series. That request was assigned the following control number: COW2006004453. However, on October 6, 2006, that request was inadvertently closed as a duplicate request. Therefore, we are returning your request to the National Records Center for review and response to you.

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

*Peter D. Gregory*

Peter D. Gregory, Chief
Commercial & Administrative Law Division
Department of Homeland Security
Citizenship and Immigration Services

**08 0156**

**FILED**

JAN 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



PRINCETON UNIVERSITY

IN THE LIBERAL ARTS

**By Fax and Regular Mail**

October 3, 2007

Ms. Denise Long
FOIA/PA Office
Department of Homeland Security
U.S. Citizenship and Immigration Services
ULLICO Building
111 Massachusetts Avenue, NW, Second Floor
Washington DC 20529

*Exhibit K*

**RE: APP2007000476**

Dear Ms. Long:

On June 18, 2007, you informed me that materials for my appealed FOIA request had been sent to St. Louis for processing. You invited me at that time to check in with you regularly about the status of my request.

I called on July 3, 2007 for a status update. You informed me that I would hear from the Federal Records Center with a status update by email or a letter. I did not hear from them. I called you again on August 10 and on August 17 and left a message each time asking to be informed of the status of my request. You did not return either call.

Now it is October—a year and a-half has passed since I originally filed my request. I realize we may be at an impasse, and so I have come up with one last proposal that will enable you to fill my request in a timely manner. Specifically, I have gone through court records at my disposal to determine which of the file numbers I originally gave you might be most valuable to me. **I have cut my original list of forty files down to just six.** I am requesting access to review the following **Central Office Files** for the years **1957 to 1995**. In order to expedite the release of these materials, I am willing to come to a reading room in Washington D.C. to review the material.

CO 212.3
CO 212.5
CO 212.9
CO 234
CO 235
CO 243

**08 0158**

Please let me know as soon as you can if this is acceptable to you or if I need to pursue this at a higher level. I would also like to know when I can expect to gain access to the materials. I can be reached in my office at Princeton at 609-258-2217 or on my cell phone at 301-233-7337.

**FILED**

Thank you for your attention to this matter.

*[signature]*

Margot Canaday, Ph.D.

JAN ? ? ???

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit L

| Post-it® Fax Note | 7671 | Date 5/3 | # of pages ► #2 |
|---|---|---|---|
| To Denise Long | | From Margot Canaday | |
| Co./Dept CIS - FOIA office | | Co. Princeton Univers | |
| Phone # 202 272 8088 | | Phone # 609 258 2217 | |
| Fax # 202 272 8331 | | Fax # or 301 253 7337 | |

McCanaday
Your request is being processed at the USCIS, Nat'l Records Center.
Pls. address the attached correspondence
to the National Records Center, P.O. Box
648010, Lee's Summit, MO. 64064-8010,
Direct Tele: 816-350 5570
Fax Tele: 816 350 5785
Voice Mail: 816-350-5799

D. Long 10-3-07

08 0156

**FILED**

JAN 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



PRINCETON UNIVERSITY

IN THE LIBERAL ARTS

JOSEPH HENRY HOUSE
PRINCETON, NJ 08544
TEL 609-258-4717
FAX 609-258-2783

**By Fax and Regular Mail**

October 9, 2007

*Exhibit M*

US CIS
National Records Center
P.O. Box 648010
Lee's Summit, MO
64064-8010

**RE: APP2007000476**

Dear Sir or Madam:

On June 18, 2007, I was informed that a FOIA request I had successfully appealed through Citizenship and Immigration Services had been sent to the National Records Center for processing. My contact at CIS, Denise Long, invited me to check in with her periodically to ascertain the status of my request. I first called Ms. Long for a status update on July 3, 2007. She informed me that she was requesting that the National Records Center contact me directly by letter or email with an update. I did not hear from the National Records Center. Voicemail messages that I left for Ms. Long on August 10 and August 17 were not returned. Finally, I faxed Ms. Long a letter on October 3, 2007. In response, she instructed me to contact you directly.

It is now October—a year and a-half has passed since I originally filed my request. I realize we may be at an impasse, and so I have come up with one last proposal that will enable you to fill my request in a timely manner. Specifically, I have gone through court records at my disposal to determine which of the file numbers I originally gave you might be most valuable to me. **I have cut my original list of forty files down to just six.** I am requesting access to review the following **Central Office Files** for the years **1957 to 1995**. In order to expedite the release of these materials, I am willing to come to a reading room in Washington D.C. to review the material.

CO 212.3
CO 212.5
CO 212.9
CO 234
CO 235
CO 243

08 0158

**FILED**

**JAN 2 5 2008**

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

Please let me know immediately if this is acceptable to you or if I need to pursue this via a lawsuit. I would also like to know when I can expect to gain access to the materials. I remind you that the *timely release of materials* is required by the Freedom of Information Act.

I can be reached in my office at Princeton at 609-258-2217 or on my cell phone at 301-233-7337.

Thank you for your attention to this matter.

Margot Canaday, Ph.D.

Exhibit N



U.S. Citizenship
and Immigration
Services

October 23, 2007

NRC2007068249

Margot Canaday
6922 Prince Georges Avenue
Tacoma Park, MD 20912

Dear Margot Canaday:

This is in response to your request for information relating to Central Office Files For 1957 To 1995. You originally submitted this request on or about March 16, 2006. This is also in response to the appeal you filed with our agency, control number APP2007000476. This current case should be responsive to both requests.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: NRC2007068249. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. This is to inform you that your request has been placed in the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

Per the conversation between Tracy Bellisime and yourself, we will provide your documents on CD. If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at 816-350-5570, or fax any FOIA/PA related correspondence to 816-350-5785.

Sincerely,

T. Diane Cejka
Director

08 0156

**FILED**

JAN 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PRINCETON UNIVERSITY
**SOCIETY OF FELLOWS**
IN THE LIBERAL ARTS

JOSEPH HENRY HOUSE
PRINCETON, NJ 08544
TEL 609-258-4717
FAX 609-258-2783

January 2, 2008

Brian J. Welsh, Chief
Freedom of Information Act and Privacy Act
National Records Center
P.O. Box 648010
Lee's Summit, MO
64064-8010

*Re: FOIA REQUEST # CO2006001539; APP2007000476; NRC2007068249*

Dear Mr. Welsh:

Enclosed for your consideration is a draft complaint that I have prepared for filing against CIS in federal district court concerning the above-referenced Freedom of Information Act (FOIA) request.

As you will see from the facts set out in the draft complaint, I am a historian at Princeton University, completing an academic manuscript. Approximately two years ago, I submitted two FOIA requests to the United States Citizenship and Immigration Services (CIS), seeking access to certain files that I identified by CIS file number, box number, and location. I sought access to review the files (rather than simply requesting copies of all of the documents in them) so that I could limit the number of copies to only those documents that would be relevant to my research, thereby reducing the burden on CIS.

After a more than five month delay due to a series of administrative blunders by CIS, my requests were consolidated and processing was initiated. Since that time, I have worked diligently and patiently with various persons at CIS to garner a proper response to my consolidated request. This has included narrowing my request from forty-one to five files (my request now consists of Central Office Files for the years 1957 to 1995: CO 212.3, CO 212.5, CO 212.9, CO 234, CO 235).

Unfortunately, almost two years later, I still have not been granted access to review the files nor provided with copies of the non-exempt documents in the files, and the FOIA staff at CIS are no longer returning my telephone calls. I have appealed the constructive denial of my request and otherwise fully exhausted my administrative remedies. Thus, my only recourse appears to be to file a lawsuit in federal court. I am fully prepared to do that and confident that I would prevail.

**08  0156**

Nevertheless, my preference would be simply to have access to the files so that I may identify the document I require or receive copies of the non-exempt portions of the files. Alternatively, if it would be more expedient, CIS may limit the release of documents from the files to those that pertain to the following:

**FILED**

JAN · ·

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

- ➢ homosexuality (including references to homosexual/s, gay/s, lesbian/s, and/or perversion);
- ➢ sexual deviation or sexual deviates/deviants; and
- ➢ psychopathic personality/ies or psychopathy.

If CIS would prefer not to expend its resources responding to my lawsuit and then producing the requested files pursuant to a court order, please contact me no later than January 20, 2008, at my office in Princeton at 609-258-2217 or on my cell-phone at 301-233-7337.

Thank you for your attention to this matter.

*Margot Canaday*

Margot Canaday, Ph.D.

Enclosure

cc:    Peter Gregory, Commericial and Administrative Law Division
       Magda Ortiz, Director FOIA/PA Program
       Denise Long, FOIA Appeals Office

08-158
RMC

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Margot Canaday | U.S. Citizen and Immigration Services |

88888

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)** _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Margot Canaday, Pro Se
6922 Prince Georges Avenue
Takoma Park, MD 20912
(301) 270-2465

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00158
Assigned To : Collyer, Rosemary M.
Assign. Date : 1/25/2008
Description: FOIA/Privacy Act

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**      OR      ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ◎ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◎ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Defendant violated the Freedom of Information Act, 5 U.S.C. 552, et seq. by failing to produce non-exempt in response to Plaintiff's request.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐    NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** ~~of~~    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 1/25/2008    SIGNATURE OF ATTORNEY OF RECORD *Wmqt Cnndy, Pro Se*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.