**In the United States District Court
For the District of Columbia**

Margot Canaday, *pro se*      )
6922 Prince Georges Avenue  )
Takoma Park, MD 20912     )
                          )
         Plaintiff,    )     Case No.1:08-CV-00158 (RMC)
                          )
v.                          )
                          )
U.S. Citizenship and Immigration Services, )
U.S. Department of Homeland Security  )
111 Massachusetts Avenue, N.W.    )
ULLICO Building             )
Washington, D.C. 20529       )
                          )
         Defendant.   )
                          )

*(handwritten: 08-158 (RMC))*

### Motion in Opposition to Defendant's Motion to Extend Time to File Answer or Otherwise Respond

Plaintiff *pro se* Margot Canaday brings this motion in opposition to defendant's Motion to Extend Time to File Answer or Otherwise Respond that seeks a 60 day extension of time to respond to plaintiff's Complaint. As demonstrated below, defendant has not shown good cause for the extension and plaintiff could be unreasonably harmed if it is granted. Accordingly, plaintiff respectfully requests that the Court deny defendant's motion, order defendant to respond to her Complaint within the normal time limits designated by the Federal Rules of Civil Procedure, and issue an expedited briefing schedule pursuant to which plaintiff may file a motion for summary judgment.

    1.     The undisputed facts show that plaintiff has waited nearly two years for defendant Citizenship and Immigration Services (CIS) to respond to her Freedom of

**RECEIVED**

FEB 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Information Act (FOIA) request. *See* declaration of Margot Canaday, ¶¶ 5-34 filed in support of this motion.

    2.      The undisputed facts further show that plaintiff diligently and reasonably pursued her request by telephoning and corresponding with CIS, and narrowing her request multiple times.[1]  Canaday Declaration, ¶¶ 5-34

    3.      The undisputed facts also show that plaintiff filed an administrative appeal over the failure of CIS to respond to her requests. The appeal was decided in her favor, and her requests were consolidated and remanded for processing. Canaday Declaration, ¶ 19.

    4.      Moreover, the undisputed facts show that the documents plaintiff has requested may be critical to her research, and she is up against a deadline for reviewing the documents and incorporating them into her book manuscript. Canaday Declaration, ¶¶ 3-4. Thus, plaintiff could be harmed if defendant is granted an extension to answer based on its representation that it intends to respond to her request, but then fails to do so.

    5.      Defendant simply does not have good cause to seek more time to answer or otherwise respond to the allegations of plaintiff's complaint. The defendant's "answer" is plain – it has failed to respond in a timely way to plaintiff's FOIA request in violation of the law. If defendant wanted to avoid litigation, it could have responded to plaintiff's repeated telephone calls during November and December of 2007, asking about the status of her request. *See* Canaday Declaration, ¶¶ 26-28. Likewise, defendant

---

[1] For the record, plaintiff takes exception at the unfounded suggestion in paragraphs 6-7 of the declaration of Brian Welsh, that her FOIA request initially was closed because she never responded to a voice-mail message left for her by CIS on October 19, 2006. The undisputed facts show that plaintiff responded to the voice-mail message and spoke to Brenda Mendenhall on or about October 19, 2006. Moreover, after that call plaintiff left multiple voice-mail messages for Ms. Mendenhall that were ignored. *See* Canaday Declaration, ¶¶ 13-14. Of course, even if Mr. Welsh were correct, it would not diminish plaintiff's current right to relief.

could have responded to plaintiff's letter of January 2, 2008 to Brian Welsh, Chief of FOIA and Privacy Act at the Federal Records Center (with courtesy copies to Peter Gregory, Chief Commercial and Administrative Law Division at CIS; Magda Ortiz, Director of FOIA/PA Program at CIS; and Denise Long, FOIA Appeals Office at CIS) urging CIS to contact plaintiff and resolve the matter before she filed this lawsuit. *See* Canaday Declaration, ¶ 29.

6.    Alternatively, defendant could contact plaintiff now and enter into a settlement agreement whereby defendant agrees to provide the documents to plaintiff by a reasonable date certain, reimburse her for her costs of filing and service, and afford plaintiff immediate injunctive relief to enforce the settlement agreement in the event defendant fails to keep its promise. In return, plaintiff would agree to stay the litigation pending entry with the Court of a joint stipulation of dismissal once the documents were provided to her. Otherwise, plaintiff is entitled to be heard by the Court without further delay.

WHEREFORE, plaintiff requests that the Court deny defendant's motion, order defendant to respond to her Complaint within the normal time limits designated by the Federal Rules of Civil Procedure, and issue an expedited briefing schedule pursuant to which plaintiff may file a motion for summary judgment.

Dated: February 19, 2008                    Respectfully submitted,

                                             *Margot Canaday*

                                             Margot Canaday, *pro se*
                                             6922 Prince Georges Avenue
                                             Takoma Park, MD 20912

**In the United States District Court**
**For the District of Columbia**

Margot Canaday, *pro se*      )
6922 Prince Georges Avenue    )
Takoma Park, MD 20912      )
                              )
          Plaintiff,    )
                              )
v.                           )
                              )
U.S. Citizenship and Immigration Services, )
U.S. Department of Homeland Security  )
111 Massachusetts Avenue, N.W.   )
ULLICO Building           )
Washington, D.C. 20529      )
                              )
          Defendant.   )
                              )

*08-158 (RMC)*

Case No.1:08-CV-00159 (RMC)

<u>Declaration of Margot Canaday</u>

I, Margot Canaday, hereby declare:

1.    I am a historian at Princeton University. My office is located at 21a Joseph Henry House, Princeton, NJ 08544. My permanent residence is in Takoma Park, Maryland at the address reflected in the case caption above.

2.    I am currently working on a book that is under contract for publication with Princeton University Press.

3.    My deadline for completing the manuscript is June 1, 2008. That is because I plan to submit it in a prize competition sponsored by the Social Science History Association and my submission is due on that date. It also because I will need to spend the summer months drafting lectures and otherwise preparing to teach in the fall, and the absolute latest date I can provide a final copy of my manuscript to Princeton University Press is September 1, 2008.

4.    The records that I have requested from CIS pertain to one of the chapters in my manuscript. Moreover, the records are critical to my research because I have been unable to access any pertinent agency records from the National Archives.

5.    On March 16, 2006, I submitted a FOIA request to defendant Citizen and Immigration Services (CIS) requesting specific files from the series entitled Central Office Files, 1957-1995. In my request, I listed out the specific file

numbers, based on research that I conducted at the CIS library in Washington. I also provided the box number and location of each file, based on information I obtained from the historian at the CIS. *See* Complaint, Exhibit A.

6.  More than three months passed during which I did not receive a response to my request. On June 26, 2006, I sent a letter to CIS by regular mail and fax, requesting confirmation that they had received my FOIA request of March 16, 2006. In the letter, I offered to review the files for documents relevant to my research if that would expedite the release of the materials. *See* Complaint, Exhibits B and Exhibit B1.

7.  Also on June 26, 2006, I submitted a second FOIA request to CIS specifically identifying additional files. *See* Complaint, Exhibit C.

8.  Subsequently, I received a letter back-dated April 5, 2006, confirming the receipt of my initial FOIA request and assigning it the control number COW2006001539. *See* Complaint, Exhibit D.

9.  On September 1, 2006, I sent a letter to CIS, asking CIS to confirm that they had received my second FOIA request of June 26, 2006. In my letter, I again offered to review the files to expedite release of the materials. *See* Complaint, Exhibit E.

10. On September 19, 2006, a woman who identified herself as Brenda Mendenhall called in response to my letter of September 1, 2006. Ms. Mendenhall informed me that CIS never received the second FOIA request. Accordingly, I resubmitted the request on September 26, 2006. *See* Complaint, Exhibit F.

11. On October 6, 2006, I received a letter from CIS indicating that my second request, COW2006004452, had been "duplicated within the [Defendant's FOIA/PA tracking] system" and closed out. The letter further indicated that my original request COW2006001539 would be processed. *See* Complaint, Exhibit G.

12. On October 19, 2006, I received a letter from CIS stating that I may be charged for time spent by CIS searching the records, and for any copies made. The letter also instructed me to contact CIS immediately. *See* Complaint, Exhibit H.

13. On or about October 19, 2006, I contacted Ms. Mendenhall at CIS by telephone. Ms. Mendenhall told me that I was considered a "commercial requester" (because my research was part of a book) and my request was too burdensome. I told Ms. Mendenhall that I was not a commercial requester—my book was academic not trade, served the public good, and was not a profit-making venture. I also told Ms. Mendenhall that I was only asking for access to review forty-one specifically identified files that were located in twenty-five specifically identified boxes. I further explained that I was not asking that the files be copied in their entirety—only that I be granted access to review the files at any CIS/DHS "reading room"

anywhere in the country to identify the specific documents relevant to my research. Ms. Mendenhall told me that she would get back to me within a week to update me on the status of my request.

14.  Ms. Mendenhall did not call me back. On November 7, 2006, I called Ms. Mendenhall and left a message asking her to call me. Ms. Mendenhall did not respond. I called again on November 13, 2006 and left a similar message. Ms. Mendenhall never responded.

15  On April 24, 2007, I appealed the constructive denial of my FOIA request pursuant to 8 C.F.R. §103.10(c)(2). *See* Complaint, Exhibit I.

16.  On May 18, 2007, Denise Long from CIS contacted me by telephone regarding my appeal. Ms. Long informed me that CIS was in the process of pulling boxes in Harrisburg, Pennsylvania and sending them to the Federal Records Center in Lee Summit, Missouri. Ms. Long invited me to stay in touch with her to monitor the status of my request.

17.  On June 4, 2007, Ms. Long called me to say she was waiting for a letter from the legal division at CIS. Upon receipt of that letter, CIS would send all of the boxes containing the files I requested to the Federal Records Center in Lee's Summit, where the records would be scanned and processed.

18.  I placed a follow-up call to Ms. Long on June 18, 2007. Ms. Long told me that the files I requested had been sent to the Federal Record Center. I told Ms. Long that I would be out of town until July 1, 2007, and Ms. Long asked me to call her when I returned.

19.  On or about that same date, I received a letter from Peter Gregory, Chief of the Commercial and Administrative Law Division at CIS. The letter stated that "we are returning your request to the National Records Center for review and response to you." *See* Complaint, Exhibit J.

20.  On July 3, 2007, I called Ms. Long. Ms. Long told me that she would contact the Federal Records Center for an update on the request, and that I would hear from them directly by e-mail or letter.

21.  I did not hear from the Federal Records Center. On August 10, 2007, I called Ms. Long and left a message asking for a status update. Ms. Long did not return the call.

22.  On August 17, 2007, I left a message for Ms. Long asking her to call me. Ms. Long did not return my call.

23.    On October 3, 2007, I faxed a letter to Ms. Long, narrowing my request to just six files for the years 1957-1995, and again, requesting an update as to the status of the request. *See* Complaint, Exhibit K.

24.    Ms. Long responded by voicemail and fax, instructing me to contact the Federal Records Center directly. *See* Complaint, Exhibit L.

25.    On October 9, 2007, I sent a letter to the Federal Records Center, stating that I was narrowing my request to just six files for the years 1957-1995, and hoped that this would enable them to fulfill the request in a timely manner. In my letter, I also requested an update as to the status of the request. *See* Complaint, Exhibit M.

26.    On October 12, 2007, I placed a call to Brian J. Welsh, Chief, Freedom of Information Act and Privacy Act at the Federal Records Center. Mr. Welsh did not return my call.

27.    On October 19, 2007, I again called Mr. Welsh at the Federal Records Center. My call was returned by Ms. Tracy Bellisime. Ms. Bellisime apologized for the way CIS had dealt with the request. Ms. Bellisime said that she did not understand why the request had been mishandled and that it was an "embarrassment to the agency." Ms. Bellisime assured me that she would have a final answer concerning what files CIS would produce within two weeks.

28.    A few days later, I received a letter from T. Diane Cejka at the Federal Records Center assigning my case the number NRC2007068249. *See* Complaint, Exhibit N.

29.    In early November, Ms. Bellisime and I spoke again. Ms. Bellisime told me that she had screened files CO 212.5, CO 212.9, CO 234, and CO 234. She did not have file CO 243, and I agreed at that time to drop my request for that file (cutting the original request down to five files). Ms Bellisime said that file CO 212.3 also had not been sent to the Federal Records Center. I told Ms. Bellisime that I did not want to eliminate that file from my request. Ms. Bellisime stated that she would obtain the file and screen it. Depending on how long that took, Ms. Bellisime said that documents would either be sent to me in one batch consisting of all five files or in two batches with files CO 212.5, CO 212.9, CO 234, CO 235 coming before file CO 212.3.

30.    On November 26, 2007, I left a message for Ms. Bellisime asking for an update on the status of the request. Ms. Bellisime did not return the call.

31.    On December 6, 2007, I left a message for Ms. Bellisime asking for an update on the status of the request. Ms. Bellisime did not return the call.

32.    On December 12, 2007, I left a message for Ms. Bellisime asking for an update on the status of the request. Ms. Bellisime did not return the call.

33.    On January 2, 2008, I sent a final letter to Brian Welsh, Chief of FOIA and Privacy Act at the Federal Records Center (with courtesy copies to Peter Gregory, Chief Commercial and Administrative Law Division at CIS; Magda Ortiz, Director of FOIA/PA Program at CIS; and Denise Long, FOIA Appeals Office at CIS), enclosing a draft copy of my complaint. In my cover letter, I explained that I would prefer to receive a proper response to my FOIA request without having to file a lawsuit, and I urged CIS to contact me by January 20, 2008 to resolve my request. I also offered to narrow my request to documents from the files that pertain to homosexuality (including references to homosexual/s, gay/s, lesbian/s, and/or perversion); sexual deviation or sexual deviates/deviants; and psychopathic personality/ies or psychopathy. *See* Complaint, Exhibit O.

34.    As of January 25, 2008, no one from CIS had responded in any way to my letter or produced any documents responsive my requests. Therefore, I filed this lawsuit.

35.    Only after I filed this lawsuit did CIS respond to me in a letter dated February 8, 2008. In that letter, CIS promised to complete their processing of my request within 45 days.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Executed on February 18, 2008.

Margot Canaday
Plaintiff *pro se*

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Margot Canaday, *pro se*
6922 Prince Georges Avenue
Takoma Park, MD 20912

        Plaintiff,

        *08 - 158 (RMC)*

        Case No. 1:08-CV-00159 (RMC)

v.

U.S. Citizen and Immigration Services
111 Massachusetts Avenue, N.W.
ULLICO Building
Washington, D.C. 20529

        Defendant.

---

## CERTIFICATE OF SERVICE

---

    I, Margot Canaday, hereby state that:

    On the 19 day of February, 2008, I caused to be deposited in the United

States Mail a copy of plaintiff's Motion in Opposition to Defendant's Motion to

extend Time to File Answer or Otherwise Respond, in the above captioned case,

postage prepaid, return receipt requested, restricted delivery, addressed to:

        Ray Martinez
        United States Attorney
        District of Columbia
        Judiciary Center
        555 Fourth Street, N.W.
        Washington, D.C. 20530

        *Margot Canaday*
        **Margot Canaday**