RECEIVED
APR - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the United States District Court
For the District of Columbia

| | |
|---|---|
| Margot Canaday, *pro se*<br>6922 Prince Georges Avenue<br>Takoma Park, MD 20912<br><br>                    Plaintiff,<br><br>v.<br><br>U.S. Citizenship and Immigration Services,<br>U.S. Department of Homeland Security<br>111 Massachusetts Avenue, N.W.<br>ULLICO Building<br>Washington, D.C. 20529<br><br>                    Defendant. | Case No.1:08-CV-00158 (RMC) |

**Plaintiff's Motion Requesting In Camera Inspection of Redacted Documents
and to Compel Production of Non-Exempt Information**

---

Plaintiff *pro se* Margot Canaday brings this motion requesting in camera inspection of information redacted from eighteen pages that were produced by defendant Citizen and Immigration Services (CIS) in response to plaintiff's Freedom of Information Act (FOIA) request and by order of this Court. Defendant has asserted without any meaningful explanation or justification that the information redacted from the documents is protected from disclosure by Exemption 6 of the FOIA because public interest in the information, if any, is outweighed by a personal privacy interest. However, plaintiff has good reason to believe that defendant has improperly applied Exemption 6 to withhold information in which there is a substantial public interest and little or no personal privacy interest. Thus, plaintiff respectfully requests that this Court examine the information

redacted from the documents and compel defendant to produce any information that the Court finds is not lawfully exempt from disclosure.

## Procedural and Factual History

On January 25, 2008, plaintiff filed a complaint against defendant to compel the production of documents plaintiff had requested under the FOIA. On February 14, 2008, defendant moved the Court for an extension of time to file an answer. The Court issued an Order the next day granting defendant's motion. On February 19, 2008, plaintiff filed a motion and supporting declaration in opposition to defendant's motion to extend time, explaining that her FOIA request has been pending with defendant for almost two years and she would be harmed by further delay. After considering plaintiff's opposition, the Court issued a second Order on February 21, 2008, granting defendant an extension of time to answer, but ordering defendant to complete production of documents responsive to plaintiff's FOIA request no later than March 25, 2008.

Thereafter, plaintiff received an initial production of documents from defendant on March 26, 2008. During that same general time frame, defense counsel sent plaintiff a copy of a motion that he filed with the Court requesting an additional two weeks to produce more information. The motion was supported by the declaration of CIS Associate Counsel Eric Banks. In his declaration, Mr. Banks stated that he had reviewed the production provided to plaintiff and determined that "certain information found in the responsive records was erroneously withheld." Banks Dec., ¶ 4. Thus, defendant CIS was requesting additional time to review the production "to ensure that all reasonably segregable portions of the records have been delivered to Plaintiff." *Id.* The Court granted defendant's request for additional time to complete production by Order issued

on March 27, 2008. Subsequently, on or about April 3, 2008, plaintiff received a supplemental production of documents from defendant. *See* Supplemental Declaration of Margot Canaday, ¶ 1.

While the supplemental production includes a significant amount of information that was previously withheld from the initial production, it appears that the production is still not complete because defendant has persisted in withholding certain non-exempt information. Specifically, defendant has redacted large blocks of text from eighteen pages on the ground that the information is protected from disclosure by Exemption 6. *See* Supplemental Declaration of Margot Canaday, ¶ 1, Exhibit 1 (attaching copies of the eighteen redacted pages). Likewise, the agency has redacted the names of high level public officials throughout the production on the basis of Exemption 6, including the names of the former Surgeon General, Solicitor General and the Commissioner of the Immigration and Naturalization Service. *See* Supplemental Declaration of Margot Canaday, ¶ 2, Exhibit 2 (attaching examples of documents where the names of high level officials are redacted).

### Legal Argument

Congress enacted the FOIA to bring transparency to government activities. *See Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 88 (D.C. Cir. 1984). In so doing, Congress recognized the need to balance this objective against "legitimate governmental and private interests [that] could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992). Thus, the FOIA sets out nine exemptions pursuant to which agencies may withhold requested information. *See* 5 U.S.C. §§ 552(a)(4)(B), (b)(1)-(9).

Normally, the burden is on the agency to justify withholding documents pursuant to the exceptions. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). This may be accomplished through "a *Vaughn* index, which must adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the exemption's relevance." *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 774 (D.C. Cir. 2002); *see also Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). Alternatively, it may be accomplished through a declaration that describes "the justifications for nondisclosure with reasonably specific detail" and demonstrates that "the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). However, where an agency provides only conclusory assertions to support its withholding of information, it may be appropriate for the Court to inspect the withheld information in camera. *See PETA v. Dep't of Agriculture*, 2007 U.S. Dist. LEXIS 46224 *5.

Exemption 6 of the FOIA permits agencies to withhold information contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982). The Supreme Court has explained that Exemption 6 protects from disclosure "Government records on an individual which can be identified as applying to that individual" and the exemption is necessary "to protect individuals from injury and embarrassment that can result from the unnecessary disclosure of personal information." *Id.* at 599 and 601.

To determine whether a disclosure would constitute a clearly unwarranted invasion of personal privacy, the personal interests in nondisclosure must be balanced against the public interests in disclosure. *Appleton v. FDA*, 451 F. Supp. 2d 129, 145 (D.D.C. 2006). The public's interest in disclosure depends on the degree to which disclosure would shed light on an agency's performance of its statutory duties and its compliance with the law. *Id.* To assess the public interest, the court must examine the nature of the requested information and its relationship to the core purpose of the FOIA— i.e. to open agency action to the light of public scrutiny by disclosing official information that sheds light on an agency's performance of its statutory duties. *Id.* However, the purposes of FOIA are not fostered by the disclosure of information about private citizens that reveals little or nothing about the agency's own conduct. *Id.* at 145-46.

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with the exempt portions. 5 U.S.C. § 552(b); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999). A court errs if it simply "approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)). Moreover, to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather conclusory statements. *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

As a threshold matter, there is a strong public interest in the historical information about immigration policy and homosexuality that plaintiff is seeking from defendant CIS. This type of information goes to the core purpose of the FOIA—to open agency action to the light of public scrutiny and shed light on the agency's past performance of its statutory duties. *See Multi AG Media v. Dep't of Agriculture*, 515 F.3d 1224, 1231 (D.D.C. 2008). Plaintiff fully appreciates that a personal privacy interest may protect from disclosure responsive information that is associated with a specific individual. However, this problem may be easily resolved by redacting from the responsive information the names, addresses and other limited pieces of information that could identify specific individuals who have a protected privacy interest. By contrast, defendant has redacted entire paragraphs of texts from the production made to plaintiff on the basis of Exemption 6. These sweeping redactions appear unnecessary to protect the personal privacy interest that may attach to the limited portions of the information that identify a specific individual. They also violate the legal principle that all reasonably segregable information must be released. 5 U.S.C. § 552(b); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (reversible error for a court to approve withholding an entire document without determining segregability).

Furthermore, throughout the production defendant has redacted the names of high level public officials on the basis of Exemption 6. These officials simply do not have a reasonable expectation of privacy in their identity reflected in official correspondence and policy documents. Indeed, this is such an obvious proposition that plaintiff was unable to find case law on the issue. Of course, the redactions themselves do not concern

6

plaintiff. She is a professional historian and well aware who the Surgeon General or the Solicitor General was at any given time. What concerns plaintiff is that these improper redactions clearly indicate the defendant's fundamental lack of understanding of the FOIA and suggest that other redactions made by defendant may also be improper.

Under other circumstances, plaintiff would seek to compel a *Vaughn* index or justifying declarations from defendant before asking the Court for this relief.[1] However, defendant's excessive delay at every stage of processing plaintiff's request has put plaintiff in a time crunch with respect to completing her manuscript. As set forth in plaintiff's previously filed declaration, she must complete her manuscript within the next two months and would be harmed if she does not receive the information in time to review it. Thus, plaintiff respectfully requests that the Court intervene and resolve this matter without permitting any further delay by defendant.

## Conclusion

For the reasons stated above, plaintiff respectfully requests that this Court examine in camera the information redacted from the eighteen pages attached as Exhibit 1 to plaintiff's supplemental declaration and compel defendant to produce any of the information that is not lawfully exempt from disclosure.

Dated: April 7, 2008

Respectfully submitted,

*Margot Canaday*
Margot Canaday, *pro se*
6922 Prince Georges Avenue
Takoma Park, MD 20912

---

[1] After receiving the initial production, plaintiff advised defense counsel that she would require a *Vaughn* index to justify the withholding of any information that was not released in the forthcoming supplemental production. However, defendant did not provide a *Vaughn* index or any other meaningful explanation for its withholdings. *See* Supplemental Declaration of Margot Canaday, ¶ 3, Exhibit 3

In the United States District Court
For the District of Columbia

Margot Canaday, *pro se*  )
6922 Prince Georges Avenue )
Takoma Park, MD 20912 )
 )
      Plaintiff, ) Case No.1:08-CV-00158 (RMC)
 )
v. )
 )
U.S. Citizenship and Immigration Services, )
U.S. Department of Homeland Security )
111 Massachusetts Avenue, N.W. )
ULLICO Building )
Washington, D.C. 20529 )
 )
      Defendant. )
                                     )

### Supplemental Declaration of Margot Canaday

I, Margot Canaday, hereby declare:

1. On or about April 3, 2008, I received a supplemental production of documents from defendant U.S. Citizen and Immigration Services (CIS). Large blocks of text were redacted from eighteen pages of the supplemental production on the basis of Exemption 6. (Page 95, 96, 97, 98, 110, 111, 112, 113, 115, 119, 130, 131, 132, 136, 137, 138, 140, 141.) Copies of those pages are attached as Exhibit 1.

2. In addition, throughout the supplemental production the names of public officials were redacted from official memoranda and correspondence on the basis of Exemption 6. Several examples of these redactions are attached as Exhibit 2.

3. On March 30, 2008, I sent counsel for defendant CIS an e-mail message advising him that I would require a *Vaughn* index justifying any withholdings in defendant's supplemental production of documents. A copy of my e-mail message is

attached as Exhibit 3. However, defendant has not provided me with a *Vaughn* index or otherwise provided any meaningful explanation or justification for its withholdings.

    I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

    Executed on April 7, 2008.

_____
Margot Canaday
Plaintiff *pro se*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2008, I caused the foregoing Motion Requesting In Camera Inspection of Redacted Documents and to Compel Production of Non-Exempt Information to be filed in person with the Clerk of Court and served on counsel for defendant via U.S. mail and electronic mail.

*[signature]*
Margot Canaday, *pro se*
6922 Prince Georges Avenue
Takoma Park, MD 20912