UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Margot Canada            ) | |
|                          ) | |
|       Plaintiff - *Pro Se*, ) | |
| v.                        ) | |
|                          )Civil Action No. 1:08-CV-00158(RMC) | |
|                          )        (ECF) | |
| U.S. Citizen and Immigration Services ) | |
|                          ) | |
|       Defendant.         ) | |
|                          ) | |

## STATUS REPORT AND RESPONSE TO PLAINTIFF'S MOTION FOR AN IN CAMERA INSPECTION

Defendant, U.S. Citizen and Immigration Services (USCIS), by and through undersigned counsel, hereby files the attached status report and responds to Plaintiff's request for an *in camera* inspection. Defendant also requests that the Court adopts the attached briefing schedule for dispositive motion practice.  Good cause exists to grant this motion.

       1.  Pursuant to the Court's Minute Entry Order filed on February 21, 2008, Defendant USCIS was directed to perform a rolling production of documents to Plaintiff to be completed no later than March 25, 2008.

       2.  On March 24, 2008, Defendant released to Plaintiff twenty-six (26) pages of documents, in whole or part, in response to her March 16, 2006 FOIA request as amended by Plaintiff on January 10, 2008.  The Court, having been apprised that Defendant's review of Plaintiff's FOIA request was ongoing, granted an extension to the agency to complete its review and production of responsive documents by April 8, 2008. (*See* Declaration of Eric Banks, attached hereto as Exhibit 1.)

3. On March 28, 2008, Defendant supplemented its March 24, 2008, response to Plaintiff, releasing a total of 131 pages of responsive documents. All non-exempt responsive USCIS documents known to exist were provided to Plaintiff. (*See Id.* at ¶ 8)

4. Plaintiff concedes that she received Defendant's initial production of documents on March 25, 2008 and the supplemental production of documents on or about April 3, 2008. (*See* USDC Doc. 7, pp. 2 & 3.) However, Plaintiff believes that Defendant has improperly withheld documents and requests an *in camera* inspection. (*Id.* at pg. 3)

.    5. Defendant opposes an *in camera* inspection at this time as being premature and requests a briefing schedule. *In camera* review is unnecessary and inappropriate when agencies meet their burden of proof by means of sufficiently detailed affidavits. (*See Nowak v. United States*, No. 98-56656, 2000 WL 60067 (9th Cir. Jan 21, 2000)). *In camera* review is one of several options that may be ordered when agency affidavits are insufficiently detailed to permit meaningful review of exemption claims. (*See Halprin v. FBI*, 181 F. 3d. 279 (2nd circuit 1999)).

6. Because Defendant has provided to Plaintiff all nonexempt responsive documents, USCIS now must prepare appropriate declarations to which it will attach a Vaughan Index needed for Defendant's motion for summary judgment. Therefore, an *in camera* inspection is premature, at this time, and should be held in abeyance until such motion and supporting declarations can be provided. If the Court is unsatisfied after reviewing Defendant's motion, declarations, and *Vaughn* index, then the issue of an *in camera* inspection can be revisited.

7. Because USCSIS is involved in litigation that began before the instant matter, additional time is required to complete the necessary declarations. Defendant requests that it be permitted to file a dispositive motion on or before May 23, 2008, and the Court adopt the attached proposed briefing schedule. (Attachment A.)

8. Pursuant tot Local Rule 7(m), undersigned counsel has attempted to contact Plaintiff by way of telephone, and left a voicemail message apprising her of the foregoing.

9. This is the first request made for a briefing schedule for the filing of a dispositive motion.

WHEREFORE, Defendants request that Plaintiff motion for an *in camera* inspection be denied as premature, and that the date for the Defendant to file a dispositive motion be set at May 23, 2008.

Respectfully submitted,

\_\_\_\_\_/s/_____

JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

_____/s/_____
Raymond A. Martinez Tx Bar No. 13144015
Special Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 514-9150

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2008, I caused the foregoing *Status Report and Resonse to Plaintiff's Motion for an In Camera Inspectionle* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

Margot Canada
6922 Prince George Av
Takoma Park, MD 20912

                                                                /s/
**Raymond A. Martinez**
**Special Assistant United States Attorney**
**555 4th Street, NW**
**Civil Division**
**Washington, D.C. 20530**
**(202) 514-9150**
**(202) 514-8780 (facsimile)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Margot Canada** )<br>)<br>**Plaintiff - Pro Se,** )<br>v. )<br>)<br>)<br>**U.S. Citizens and Immigration Services,** )<br>)<br>**Defendant.** )<br>_____) | **Civil Action No. !:08-CV-00158<br>(LCF)** |

**ORDER**

Upon consideration of Defendant's Response to Plaintiff's Motion for an In Camera Inspection and Defendant's Motion for Briefing Schedule, and the entire record herein, the Court is of the opinion and finds that, for the reasons set forth by Defendant, that Defendant's motion should be GRANTED. Plaintiff's Motion for an In Camera Inspection is denied. Deadlines for dispositive motions shall be as follows:

   Dispositive Motions shall be filed no later than May 23, 2008;

   Oppositions shall be filed on or before July 8, 2008; and,

   Replies shall be filed on or before July 27, 2008.

Accordingly, it is on this \_\_\_\_ day of _____, 2008,

   ORDERED that Defendant's Motion be and is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE

Copies to Plaintiff
Margot Canaday
6922 Prince George Ave.
Takoma Park, Md 20912

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Margot Canaday,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | 1:08-CV-00158 (RMC) |
| ) | |
| **U.S Department of Homeland Security,** ) | |
| **U.S. Citizenship and Immigration** ) | |
| **Services,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DECLARATION OF ERIC N. BANKS

I, ERIC N. BANKS, hereby declare:

1. I am an Associate Counsel assigned to the Commercial and Administrative Law Division, Office of Chief Counsel, U.S. Citizenship and Immigration Services (USCIS), a constituent unit of the U.S. Department of Homeland Security, in Washington, D.C. I have acted as senior attorney-advisor and primary litigator in the USCIS's disclosure operations program continuously from September 2006 to present. I am an attorney licensed by the District of Columbia Court of Appeals, who has practiced disclosure law, *inter alia*, with the Federal Government for approximately 29 years, performing in all areas of disclosure operations including, but not limited to, processing initial requests for access to government records; rendering legal advice and opinions; reviewing the performance of agency access professionals; performing legislation/regulation analyses, research and development; providing formal disclosure training; and conducting disclosure litigation.

2. Through the exercise of my official duties, I am familiar with the procedures followed by the USCIS in responding to requests for information from agency files pursuant to the Freedom of Information Act (FOIA), 5 USC 552, *et seq*. More specifically, I am familiar with Plaintiff's current civil action under the

1

FOIA, and all relevant events leading to the same. I make the following statements based upon my personal knowledge, information made available to me in my official capacity, and conclusions and opinions based upon the same.

3. This Declaration is submitted in opposition to Plaintiff's Motion Requesting an In Camera Inspection and in support of Defendant's request for a briefing schedule. Described herein is the methodology underlying my reexamination of the USCIS's March 24, 2008, response to Plaintiff's FOIA request of March 16, 2006, as modified by Plaintiff on January 10, 2008.

4. In compliance with the Court's Minute Entry Order of February 8, 2008, the USCIS rendered a determination on Plaintiff's FOIA request on March 24, 2008, and dispatched the same to reach Plaintiff on March 25, 2008.

5. Plaintiff received the agency's March 24 response on or about March 26, 2008.
   (*See* Plaintiff's Motion Requesting an *In Camera* Inspection, pg. 2, ¶ 2.)

6. In preparation for the litigation underlying this Declaration, the undersigned reviewed the USCIS's disclosure determination issued on March 24, 2008, with respect to Plaintiff's modified request of January 10, 2008. During this review, it was determined that certain information found in the responsive records was erroneously withheld. Based upon this determination, the agency moved to supplement its earlier disclosure to ensure that all reasonably segregable portions of the record had been delivered to Plaintiff.

7. The goal of the reexamination addressed in paragraph 5, above, was to bring about the broadest possible disclosure to Plaintiff. To this end, the agency elected to waive as many previously asserted FOIA exemptions as discretion and the law would allow, taking into consideration such factors as the passage of time (i.e., age of the document and issue); the current availability of the same information in the public domain (e.g. the current practical obscurity of once publicly known facts); the potential harm that the disclosure of certain information could precipitate; and any public interest in such information as weighed against any competing individual right of privacy. FOIA exemptions were asserted to withhold information only in the most compelling cases.

8. On March 28, 2008, the Defendant released 131 pages of documents, in whole or part, while referring 17 pages of documents to the third-party agencies where such documents originated for more definite disclosure determinations.

   Only one (1) USCIS document was withheld in full by Defendant; all other USCIS documents known to exist were, in some form, released to Plaintiff.

2

9. Of the documents released in part to Plaintiff and withheld in full, the only FOIA exemptions asserted as authority for withholding information were (b)(2) [to withhold a purely internal administrative marking in which there could be no legitimate public interest]; (b)(5) [to withhold predecisional information recorded in the course of the agency's deliberative process]; and (b)(6) [to withhold specific identity information where the disclosure of such information would constitute a clearly unwarranted invasion of the personal privacy of the individuals so identified, while failing in any perceivable manner to enhance the public's understanding of how this agency fulfills its statutory responsibilities]. The assertion of exemptions were held to an absolute minimum, and applicable exemptions were waived wherever advisable.

10. In the Motion Requesting an *In Camera* Inspection, Plaintiff asserts that Defendant withheld information in the course of the March 28, 2008, response "without any meaningful explanation or justification for the information redacted." This claim is disingenuous. Defendant provided detailed explanations and justifications for the information withheld in the very response letter cited by Plaintiff. (*See* March 28, 2008, follow-up letter signed by Diane Cejka, attached hereto as Exhibit A.)

11. Plaintiff further contends that Defendant "persist[s] in withholding certain non-exempt information," and cites in support of this contention the fact that "the agency redacted the names of high level public officials throughout the production on the basis of exemption 6." Plaintiff overlooks the fact that much of the information requested, broadened by parameters established by her, is anywhere from twenty to thirty-plus years of age, older than most Federal careers. While such information was at some time available to the public, the individuals to whom it pertains, nevertheless, have well-defined privacy interests in maintaining its practical obscurity, particularly since it has become hard-to-find information as Plaintiff concedes. (*See* Plaintiff's Motion, pg. 7, 1st paragraph.) Public figures do not forfeit all vestiges of privacy by virtue of their status, i.e., placing themselves in the public eye, although their expectations of privacy in general may be diminished.

12. Public interest is not to be confused with human interest. While the identities of the individuals involved in the section 212 debate may be of human interest to some, the release of this identity information would not shed any additional light on the manner and effectiveness in which the USCIS carries out its statutory responsibilities. Accordingly, no public interest would be served by a disclosure of the identities of the immigration officials involved in the section 212 deliberations. In the final analysis, the status of such individuals was factored into the privacy balance, and it was concluded that the individuals' right of privacy outweighed the public's interest in the disclosure of their identities. This is precisely the type of information that exemption (b)(6) was designed to protect.

13. Regarding Defendant's assertion of FOIA exemption (b)(6) to protect the identities of "lesser players," the Court should be aware that the agency's debate over the terms of section 212 was not conducted in a total vacuum or entirely in the abstract. Information regarding real case studies, real people, was considered in connection with the agency's examination of then-prevailing policy and the need to formulate a progressive new policy. Much of the information withheld by Defendant pursuant to exemption (b)(6) was extracted from the medical records of potentially excludible aliens. These aliens are not only identified by name, but could also be identified by the unique circumstances surrounding their immigration cases, the very circumstances that led to their notoriety in the first instance. Here again, given the subject matter, i.e., the search for homosexuals, practical obscurity plays a prominent role in privacy balancing – the privacy interest sought to be protected here is both obvious and high. Practical obscurity aside, the redacted information would be just as entitled to the protection of exemption (b)(6) were these very same events to take place today – (b)(6) protects information found in "medical and personnel files and other similar files – the information Defendant withholds was taken from medical files. The release of this information would not enhance the public's understanding of how the USCIS carries out its obligations under the law.

14. All reasonable segregable portions of the responsive record were released to Plaintiff under Defendant's cover letter of March 28, 2008.

15. Inasmuch as the USCIS Office of Chief Counsel is laboring under a serious dearth of resources and burgeoning case load, it has become necessary to ration time and resources among the many active docketed cases. The agency currently has 61,000+ overaged FOIA requests, several thousand administrative appeals, and 30-40 active disclosure litigations. The undersigned, respectfully, requests additional time to reply to Plaintiff's ever-expanding motion practice.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>April 8, 2008</u>.

                                                                Eric N. Banks
                                                                Associate Counsel

Office of Chief Counsel
U.S. Citizenship and Immigration Services