# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Margot Canaday** | ) | |
| | ) | |
| **Plaintiff - *Pro Se*,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 1:08-CV-00158** |
| | ) | **(RMC)** |
| **U.S. Citizen and Immigration Services** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### Notice of In Camera Submission

Defendant hereby gives notice of submission of the redacted and un-redacted copies of documents provided pursuant to the Court Order dated April 16, 2008 for in camera inspection.

Dated: April 18, 2008

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

_____/s/_____
Raymond A. Martinez, TX Bar No. 13144015
Special Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C. 20530
(202) 514-9150

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2008, I caused the foregoing Notice

with redacted and un-redacted documents hand delivered to:


Judge Rosemary M. Collyer
333 Constitution Av.
Washington, D.C. 20001
Judges Chambers, Room 2428
Phone: 202-354-3560


 and copy of Notice of Filing served  on *pro se* Plaintiff, postage prepaid, addressed as follows:


Margot Canada
6922 Prince George Av
Takoma Park, MD 20912

_____/s/_____
Raymond A. Martinez
Special Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, D.C.  20530
(202) 514-9150
(202) 514-8780 (facsimile)

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| Document/ Page Number | Description of Document | Exemptions Cited 5 U.S.C. § 552 | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| 1 | Handwritten notes exchanged between agency decision-makers regarding the proposed handling of an unidentified matter. (1 page doc.) | Released in full upon reconsideration. | Although the topic of discussion is entirely obscure, it is clear that it was written and exchanged between decision-makers considering a possible course of action that may or may not have been effectuated. The USCIS originally asserted FOIA exemption (b)(5) as the authority for withholding this document in full.<br><br>Although the document is technically eligible for protection under exemption (b)(5) as a predecisional and deliberative document, upon reconsideration, the agency, in its discretion, elected to release the writing in full. This mindset was applied to the entire set of responsive records during reconsideration in an effort to bring about the broadest possible disclosure. |
| 2 | Handwritten note recommending a course of action based upon the writer's interpretation of the application of 8 CFR 212. (1 page.) | Released in full upon reconsideration. | As in the case of document 1, above, this document was also eligible for the protection of FOIA exemption (b)(5), but the agency, in its discretion, elected to forego the assertion in the interest of achieving the broadest possible disclosure. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 3 | Intra-office routing slip issuing instructions and requesting an audience.  (1 page.) | Released in full upon reconsideration. | The agency has waived its right to assert exemption (b)(5).  (See Doc. 1, above.) |
| 4 & 5 | Handwritten note voicing disagreement with stated position on admissibility of certain alien visitors in connection with review of application of 212(d)(3). (2 pages.) | Released in full upon reconsideration. | The agency has waived its right to assert exemption (b)(5).  (See Doc. 1, above.) |
| 6 | Nov. 3, 1980, letter from Acting Assoc. Commissioner to Deputy Asst. Sec. | Originally withheld in full by the USCIS under the authority of exemptions. (b)(2), (b)(5), & (b)(6), but has since been | Exemption (b)(6) permits the government to withhold information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  To constitute an invasion of personal privacy, information need only apply to a particular, identifiable individual.  However, to qualify for the protection of exemption (b)(6), the individual's right |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 6 (cont.) | | released with<br><br>minimal redactions (i.e., identity information) under exemption (b)(6).<br><br>Partial denial. | to privacy must outweigh the public's right to disclosure.<br><br>The identities of both the preparer and recipient of this communication are clearly revealed in the document at issue.  Consequently, to release this information would be a clear invasion of the personal privacy of those individuals.  On the other hand, this identity information is not likely to ever be the focus of legitimate public interest.  Accordingly, the disclosure of this information would, in fact, be a clearly unwarranted invasion of the personal privacy of the individuals so identified to such an extent as to merit the protection of FOIA exemption (b)(6). |
| 7 | An undelivered memo dated Sept. 19, 1980, discussing 212 (d)(3)(A) waivers for homosexuals.<br>(1 pages.) | The agency continues to withhold this document in full under the authority of exemption (b)(5).<br><br>Withheld in full. | Exemption (b)(5) protects "inter-agency or intra-agency memoranda or letters which would not be available to a party other than a agency in litigation with the agency" that maintains the relevant documents.  The protection of (b)(5) extends to those matters that are both predecisional and deliberative in nature; that is, it protects documents and files generated during and as a result of the agency's deliberations on a particular issue.  This deliberative process privilege is designed to prevent injury to the quality of agency decisions by shielding from disclosure, and thus public scrutiny and criticism, communications that reveal the thought processes, or |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 7 (cont.) | | | developing ideas, of decision-makers before such ideas can be refined and take tangible shape,

particularly, where such disclosure would produce a chilling affect capable of stifling the candid, frank, and free exchange of ideas between and among decision-makers.

The document to which the exemption (b)(5) has been applied is a purely internal, predecisional document that reveals the thought processes of the decision-maker(s) who wrote it.  Accordingly, this document is eligible for the protection of FOIA exemption (b)(5). |
| 8 | Memo dated Aug. 3, 1980, addressing excludability of gay attendees and waivers. (1 page.) | This document was originally withheld in full under the authority of exemptions (b)(2), (b)(5), and (b)(6), but has since been released with minimal redacts (i.e., identity | Certain Federal employees are named in the document in question.  The release of these names would be a clear invasion of the personal privacy of those individuals while, at the same time, serve no legitimate public interest since the release of this information would shed no additional light on the manner in which this agency fulfills its statutory obligations.  Accordingly, the release of this identity information would constitute a clearly unwarranted invasion of the personal privacy of the individuals so identified, qualifying the same for the protection of FOIA exemption (b)(6). |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 8 (cont.) | | information) pursuant to<br><br>exemption (b)(6).<br><br>Partial denial. | |
| 9 | Letter from National Gay Rights Coalition (NGRC) to U.S. Embassy, Wellington.  (1 page.) | Released in full. | |
| 10 & 11 | Unsigned letter dated Aug. 1, 1980, from U.S. Embassy, Wellington, to NGRC in reply to Doc. 9, above.  (2 pages.) | Originally withheld in full, but has since been referred to Dept. of State for a more definite disclosure opinion. | Referred to U.S> Dept. of State for more definite disclosure opinion. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| 12 | Signed letter dated Aug. 1, 1980, from the U.S. Embassy to INS Dist. Dir. (Hong | Originally withheld in full under exemptions | The identities of the sender and recipient have been deleted since the release of this identity information would constitute a clearly unwarranted invasion of |
| 12 (cont.) | Kong) regarding 212 (d)(3)(A) waivers. (1 page.) | (b)(5) and (b)(6), but since released with minimal redactions (i.e., identity information) under exemption (b)(6).<br><br>Partial denial. | the personal privacy of those individuals, and would serve no legitimate public interest by its disclosure.. |
| 13 | Letter dated Aug. 10, 1978, to Asst. Surgeon General from INS Assoc. Comm. Examination re the Public Health Service's abdication of responsibility for | Originally withheld in full under exemptions (b)(5) and (b)(6), but has since been released with | Only identity information has been deleted since its disclosure would constitute a clearly unwarranted invasion of the personal privacy of the individuals so identified while serving no legitimate public interest. Accordingly, the information is entitled to the protection of exemption (b)(6). |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | determining excludability on grounds of sexual preference. (1 page.) | minimal redacts (i.e., identity information) under exemption (b)(6). Partial denial. | |
|---|---|---|---|
| 14 & 15 | Memorandum dated June 30, 1978, to INS Assoc. Comm. Examinations from Gen'l Counsel addressing the question of whether homosexuality was considered "deviation" for purposes of 212 (a)(4). (2 pages.) | Originally withheld in large part under exemptions (b)(2), (b)(5) and (b)(6), but has since been released with minimal redactions (i.e., identity information) under exemption (b)(6).  Partial denial. | Only the identities of Federal employees have been deleted from this document under the authority of FOIA exemption (b)(6) because the release of this information would constitute a clearly unwarranted invasion of the personal privacy of the individuals named while serving no legitimate public interest. |
| 16 | Page from professional | Released in full. | |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| | reference. (1 page.) | | |
| 17 | Undated memorandum from the Asst. Sec. For Health to Comm. of | Originally denied in full under exemption | Only identity information has been deleted pursuant to FOIA exemption (b)(6) for the reasons stated, *supra*. |
| 17 (cont.) | Public Health re homosexuality as medically excludable condition. (1 page.) | (b)(2), (b)(5) and (b)(6), but has since been released with minimal redactions, (i.e., identity information ) under exemption (b)(6).<br><br>Partial denial. | |
| 18 | Memo dated Aug. 3, 1982, to Acting Instruction Officer from the INS Associate Comm. | Originally withheld in full pursuant to exemption (b)(5) and | Only identity information has been redacted under FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| | Examination re O.I. 235.16. (1 page.) | (b)(6), but has since been released with minimal redactions under (b)(6).  Partial denial. | |
| 19 | Memo dated July 27, 1982 to Office Heads from General Counsel re Homosexual Rights Case: INS Policy. (1 page.) | Originally withheld in full under exemptions (b)(5) and (b)(6), but has since been released with minimal redactions under (b)(6).  Partial denial. | Only identity information has been released under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 20 - 24 | General Counsel's recommendation for an appeal in the matter of Hill, dated | Originally withheld in full under exemptions | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| | July 12, 1982. (5 pages.) | (b)(2), (b)(5) and (b)(6), but has since been released with minimal redactions under (b)(6). Partial denial. | |
| 25 | Memo dated July 23, 1982, from Acting Instructions Officer to Assoc. Comm. Exam. re proposed O.I. 235.16. (1 page.) | Originally withheld in full pursuant to exemptions (b)(2), (b)(5) and (b)(6), but since released with minimal redactions under exemption (b)(6). Partial denial. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 26 | January 6, 1981 telegram from Acting | Originally withheld in full | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

|  |  |  |  |
|---|---|---|---|
|  | INS Commissioner re aliens suspected of homosexuality. (1 page.) | under exemptions (b)(2), (b)(5), & (b)(6), but has since been released with minimal redactions under (b)(6).<br><br>Partial denial. | stated *supra*. |
| 27 | Nov. 6, 1980, telegram re inspection procedures of aliens suspected of being homosexual. (1 page.) | Originally withheld in full, but has since been released with minimal redactions under (b)(6).<br><br>Partial denial. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| 28-31 | Sept. 5, 1980 telegraphic message to all districts re inspection of homosexual aliens. (4 pages.) | Originally withheld in full, but has since been released with minimal redactions under exemptions (b)(5) and -(6). Partial denial. | Information was earmarked by the document's author as material to be deleted, but this information was never fully removed.  As an expression of the author's stream of consciousness, it clearly reveals the decision-maker's thought processes which he himself never intended be revealed.  The flagged language has now been deleted as being both predecisional and deliberative in nature and, therefore, eligible for the protection of FOIA exemption (b)(5).  Identity information was deleted from the document under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 32 | Jun. 11, 1980 telegram from Acting INS Comm. to all regions and districts re deferral of inspections.  (1 page.) | Originally withheld in full, but has since been released with minimal redactions under (b)(6). Partial denial. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 33 | Aug. 14, 1979, telegram re deferral of inspections pending outcome of discussions with the Surgeon General. (1 page.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial.<br>. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 34-36<br><br><br>34-36 (cont.) | Request for Amendment to Operations Instructions or<br><br>Regulations (3 pages.) | Originally withheld in full, but has since been released<br><br>with minimal redactions under exemptions (b)(6).<br><br>Partial denial. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| 37-48 | Memorandum dated Dec. 11, 1979, addressing the exclusion of aliens suspected of being homosexuals and forwarding an opinion issued by the DOJ Office of legal Counsel on the same subject. (11 pages.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
|---|---|---|---|
| 49<br><br><br><br>49 (cont.) | Aug. 14, 1979, telegram announcing Surgeon General's position on referrals of suspected homosexual aliens. (1 page.) | Originally withheld in full, but has since been released with minimal redactions<br><br><br>under exemption (b)(6).<br><br>Partial denial. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| | | | |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| 50-52 | Memorandum dated Aug. 10, 1979, from the Commissioner to the Executive Group, entitled "Homosexuality," transmitting Aug. 2, 1979 memo from the Surgeon General to the CDC and HAS Administrator re PHS policy on certification of mental defect or disease.  (3 pages.) | Aug.10 memo was originally withheld in full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Attachments have been referred to HHS for more definite disclosure opinion.<br><br>Partial denial. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
|---|---|---|---|
| 53 | Nov. 20, 1978 letter from Assoc. Comm. to Asst. Surgeon General regarding the role of the PHS in the exclusion of aliens | Originally withheld in full, but has since been released with minimal redactions | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| | with sexual deviation. (1 page.) | under exemption (b)(6). Partial denial. | |
| 54-59 | Oct. 31, 1978 memo from Gen'l Counsel to Assoc. Comm. transmitting opinion re nature of homosexuality and sexual deviation. (6 page.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6). Partial denial. | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 60 60 (cont.) | Communique date Jan. 6, 1981, regarding inspection procedures for aliens suspected of homosexuality. (1 page.) | Originally withheld in full, but has since been released with minimal redactions under exemption | Only identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| | | (b)(6).<br><br>Partial denial. | |
| 61-63 | Memorandum dated Dec. 4, 1979 from Dep. Gen'l Counsel to Assoc. Comm. re instructions for inspection of suspected homosexuals and attachment (identical to page 27). (3 pages.) . | Originally withheld in full, but has since been released with minimal redactions under exemptions (b)(5) and -(6).<br><br>Partial denial. | Information was earmarked by the document's author as material to be deleted, but this information was never fully removed.  As an expression of the author's stream of consciousness, it clearly reveals the decision-maker's thought processes which he himself never intended be revealed.  The flagged language has now been deleted as being both predecisional and deliberative in nature and, therefore, eligible for the protection of FOIA exemption (b)(5).<br><br>Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 64-67<br><br>64-67 (cont.) | Telegraphic message date Sept. 8, 1980<br><br>from Comm. to all districts re rescission of policy cable regarding inspection | Originally withheld in full,<br><br>but has since been released with minimal redactions | Information was earmarked by the document's author as material to be deleted, but this information was<br><br>never fully removed.  As an expression of the author's stream of consciousness, it clearly reveals the decision-maker's thought processes which he himself never intended be revealed.  The flagged |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

|  | of aliens suspected of being excludable on the basis of homosexuality (4 pages.) . | under exemptions (b)(5) and -(6). Partial denial. | language has now been deleted as being both predecisional and deliberative in nature and, therefore, eligible for the protection of FOIA exemption (b)(5). Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
|---|---|---|---|
| 68 | Instruction from Acting Assoc. Comm. re Homosexuals at POES, dated Dec. 29, 1980. (1 page.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6). Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 69 | Central office routing slip dated Dec. 31, | Originally withheld In full, | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 69 (cont.) | 1980 from Acting Comm. to all regions and districts re | but has since been released with minimal |  |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

|  | instructions regarding inspections. (3 pages.) | redactions under exemption (b)(6).  Partial denial. |  |
|---|---|---|---|
| 70-72 | Jan. 2, 1981 routing slip transmitting review instructions and wire communiqué re inspection procedures.  (3 pages) | Originally withheld In full, but has since been released with minimal redactions under exemptions (b)(5) and –(6).  Partial denial. | Information was earmarked by the document's author as material to be deleted, but this information was never fully removed.  As an expression of the author's stream of consciousness, it clearly reveals the decision-maker's thought processes which he himself never intended be revealed.  The flagged language has now been deleted as being both predecisional and deliberative in nature and, therefore, eligible for the protection of FOIA exemption (b)(5).  Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 73-74 | Background paper. (2 pages.) | Originally withheld in full, |  |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

|  |  |  |  |
|---|---|---|---|
|  |  | but has since been released in full.<br><br>Released in full. |  |
| 75-78 | Telegraphic message dated Sept. 8, 1980. (4 pages.) | Originally withheld in full, but has since been released with minimal redactions under exemptions (b)(5) and –(6).<br><br>Partial denial. | Information was earmarked by the document's author as material to be deleted, but this information was never fully removed.  As an expression of the author's stream of consciousness, it clearly reveals the decision-maker's thought processes which he himself never intended be revealed.  The flagged language has now been deleted as being both predecisional and deliberative in nature and, therefore, eligible for the protection of FOIA exemption (b)(5).<br><br>Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 79-81<br><br>79-81 | Nov. 3, 1980, letter from Acting Assoc. Comm. to Dep. Asst.<br><br>Sec. For Visa | Originally withheld in full, but has since<br><br>been released | Agency employees' initials were deleted from this document under the authority of FOIA exemption (b)(2).  Exemption (b)(2) exempts from mandatory<br><br>disclosure records and information that are "related |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| (cont,) | Services, and attachment, re waivers on excludability. (3 pages.) | with minimal redactions under exemptions (b)(2) and -(6).

Partial denial. | solely to the internal personnel rules and practices of an agency." The referenced practices are usually of a trivial nature, and shed no light on the manner in which the agency fulfills its statutory mission.

Initialing documents as acknowledgement of authorship, receipt, or concurrence is a common and predominantly internal practice of this and any Federal agency. It is relatively trivial in nature, reveals little or nothing as to the manner in which the agency performs its statutory duties, and is highly unlikely to become the focus of legitimate public interest. This information is entitled to the protection of FOIA exemption (b)(2), as well as exemption (b)(6), as discussed *infra*.

Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 82-86 | Memo dated Aug. 30, 1980, to the Assoc. Comm. from Dist. Dir. re excludability of gays and waivers. (5 pages.) | Pages 82, 83, & 84 were originally withheld in full, but have since been released | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 82-86 (cont.) | | with minimal redactions under (b)(6). Pages 85 & 86 have been referred to the Dept. of State for more definite opinion re disclosure.<br><br>Partial denial. | |
| 87-89 | Aug. 28, 1980, letter to NY School of Industrial and Labor Relations from Acting Comm. re discriminatory practices aimed at gays and lesbians, with attachment. (3 pages.) | Originally withheld in full, but, has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| 90 | Telegraphic message dated June 11, 1980, to all regions and districts re excludability of homosexuals. (1 page.) | Originally withheld In full, but has since been released with minimal redactions under exemption (b)(6).  Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
|----|----|----|----|
| 91 | June 4, 1980, memo re Gay Rights Task Force. (1 page.) | Originally withheld in full, but has since been released with minimal redactions under exemptions (b)(5) and -(6).  Partial denial. | Exemption (b)(5) protects "inter-agency or intra-agency memoranda or letters which would not be available to a party other than a agency in litigation with the agency" that maintains the relevant documents.  The protection of (b)(5) extends to those matters that are both predecisional and deliberative in nature; that is, it protects documents and files generated during and as a result of the agency's deliberations on a particular issue.  This deliberative process privilege is designed to prevent injury to the quality of agency decisions by shielding from disclosure, and thus public scrutiny and criticism, communications that reveal the thought processes, or developing ideas, of decision-makers before such ideas can be refined and take tangible shape, |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| 91 (cont.) | | | particularly, where such disclosure would produce a chilling affect capable of stifling the candid, frank, and free exchange of ideas between and among decision-makers.<br><br>The document to which the exemption (b)(5) has been applied is a purely internal, predecisional document that reveals the thought processes of the decision-maker(s) who wrote it. Accordingly, this document is eligible for the protection of FOIA exemption (b)(5).<br><br>Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
|---|---|---|---|
| 92 | Central Office Routing Sheet dated May 30, 1980, re policy on inspection of homosexuals. (1 page.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6). | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 93 | Feb. 6, 1969, letter from Dep. Assoc. Comm. Travel Control to Foreign Quarantine Program re medical examinations of homosexuals.  (1 page.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 94 | Letter dated Jan. 29, 1969, from Foreign Quarantine Program to INS Travel Control re procedures for examinations.  (1 page.) | Originally withheld in full, but later referred to HHS for a more definite disclosure opinion. | |
| 95-96 | Letter dated Jan. 7, 1969, from  Travel Control to Foreign Quarantine Program | Originally withheld In full, but has since been released | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 95-96 (cont.) | re a BIA decision on<br><br>Medical examination of aliens.  (2 pages.) | with minimal<br><br>redactions under exemption (b)(6) .<br><br>Partial denial. | |
| 97-98 | Dec. 24, 1968, memo re medical examinations of aliens.  (2 pages.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 99-107 | Interim Decision #1815 dated Nov. 24, 1967. (9 pages.) | Released in full. | |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 108 | Memorandum dated Dec. 6, 1968, from Travel Control to Regional Comm. re appeal from class "A" medical certification.  (1 page.) | Originally withheld In full, but has since been released with minimal redactions under exemption (b)(6). | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 109 | Letter dated Nov. 27, 1968, from Foreign Quarantine Program to Travel Control re the appeal of a class "A" certification.  (1 page) | Originally withheld in full, but has since been referred to the HHS for a more definite disclosure opinion. | |
| 110 | Letter dated Nov. 22, 1968, from Travel Control to Foreign Quarantine Program re the appeal of a | Originally withheld in full, but has since been released with minimal redaction under | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 110 (cont.) | class "A"<br><br>certification.  (1 page.) | exemption<br><br>(b)(6).<br><br>Partial denial. | |
| 111-112 | Nov. 13, 1968, memo (and attached copy of same) to Travel Control from Operations re medical examination of 245 applicants.  (2 pages.) | Originally withheld In full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 113 | Aug. 20, 1968, letter to Medical Officer in Charge, USPHH, from INS Dist. Dir. re an appeal of a class "A" certification.  (1 page.) | Originally withheld In full, but has since been released with minimal redactions under | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | exemption (b)(6).<br><br>Partial denial. | |
|---|---|---|---|
| 114 | Aug. 16. 1968, letter of appeal of class "A" certification address to Medical Officer in Charge USPHH.  (1 page.) | Withheld in full pursuant to exemption (b)(6).<br><br>Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 115 | Sept. 15, 1965, memo from Gen'l Counsel to Reg. Comm. re procedures for certification as psychopathic personality.  (1 page.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 116-118 | Aug. 10, 1965 letter from Medical | Referred to HHS for more | |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

|  |  |  |  |
|---|---|---|---|
|  | Director, DHHS, to INS Gen'l Counsel re problem in medical certifications of aliens. (3 pages.) | definite disclosure determination. (3 pages.) |  |
| 119-127 | July 23, 1965, letter from the INS Gen'l Counsel to Surgeon General re medical examinations and certifications of aliens. (9 pages.) | Originally withheld in large part, but has since been released with minimal redaction under exemption (b)(6).<br><br>Partial. Denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 128-129 | July 9, 1965, letter from the Division of Foreign Quarantine, DHEW, to INS re medical report on specifically identified individual. (2 pages.) | Referred to DHHS for more definitive disclosure opinion. |  |
| 130-131 | June 23, 1965, letter | Originally | Identity information has been deleted under the |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| 130-131 (cont.) | to Surgeon Gen'l from INS Travel Control challenging a medical report on a specifically identified individual.  (2 pages.) | withheld in full, but has since been released with minimal redactions under exemption (b)(6). Partial denial. | authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 132-133 | May 14, 1965, memo from INS Regional Counsel to Gen'l Counsel re certification procedures used in specific case.  (2 pages.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6). Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 134-135 | Oct. 1, 1964, letter from Staff | Referred to HHS for more | |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | | |
|---|---|---|---|
| | Psychiatrist, DHEW, to INS Travel Control re specific examination of alien. (2 pages.) | definite disclosure determination. | |
| 136-137 | June 23, 1965, letter from INS Travel Control to Surgeon General re medical report on specific alien. (2 pages.) | Originally withheld In full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 138-139 | May 14, 1965, memo from Regional Counsel to General Counsel re certification in the matter of a specifically identified alien. (2 pages.) | Originally withheld in full, but has since been released with minimal redactions under exemption | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| | | (b)(6).<br><br>Partial denial. | |
|---|---|---|---|
| 140-141 | June 25, 1965, letter to Surgeon Gen'l | Originally withheld in full, | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 140-141 (cont.) | from INS Travel Control re examination of alien "X." | but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | |
| 142-143 | Excerpt from Manual for Medical Examination of Aliens. (2 pages.) | Referred to DHHS for more definite disclosure opinion. | |
| 144-145 | June 5 & 7, 1962, memoranda | Originally withheld in full, | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

|  |  |  |  |
|---|---|---|---|
|  | discussing H.R. 11219 and 212(a)(4). (2 pages.) | but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | stated *supra*. |
| 146-147 | May 15, 1962, memo from Special Inquiry Officer to Assoc. Comm. requesting views on H.R. 11219, and copy of attached bill.  (2 pages.) | Originally withheld in full, but has since been released with minimal redactions under exemption (b)(6).<br><br>Partial denial. | Identity information has been deleted under the authority of FOIA exemption (b)(6) for the reasons stated *supra*. |
| 148-149 | DOS report on alien. (2 pages.) | Referred to DOS for more definite disclosure opinion. |  |

MARGOT CANADAY
V.
DEPARTMENT OF HOMELAND SECURITY,
CASE NO.: 1:08-CV-00158 (ECF)
VAUGHN INDEX

| END | END | END | END |
|-----|-----|-----|-----|