UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGOT CANADAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-158 (RMC) |
| ) | |
| U.S. CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Margot Canaday, proceeding *pro se*, filed a Complaint in this matter on January 25, 2008. A copy of the Summons and Complaint were served on Defendant United States Citizenship and Immigration Services ("USCIS") on January 28, 2008. *See* Dkt. # 2. In USCIS's February 14, 2008 Motion for Extension of Time to Answer the Complaint, *see* Dkt. # 4, USCIS informed the Court that USCIS was still processing and responding to Ms. Canaday's March 16, 2006 Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., request. On February 21, 2008, the Court ordered USCIS to complete production of the documents to Ms. Canaday no later than March 25, 2008.

After receiving an extension of this deadline, USCIS reported that "[a]ll non-exempt responsive USCIS documents known to exist [have been] provided to Plaintiff." *See* Def.'s Status Report [Dkt. # 8] ¶ 3. A total of 131 pages of responsive documents have been produced to Ms. Canaday in whole or in part, and 17 pages of documents have been referred to third-party agencies.

USCIS redacted certain documents on the basis of FOIA Exemptions 2, 5 and 6.[1]  *See id.*, Banks Decl. ¶ 9.

Ms. Canaday requested an *in camera* inspection of the redacted documents and sought to compel all non-exempt information.  *See* Dkt. # 7.  In support of her motion, she argues:

> [D]efendant has persisted in withholding certain non-exempt information.  Specifically, [D]efendant has redacted large blocks of text from eighteen pages on the ground that the information is protected from disclosure by Exemption 6.  Likewise, the agency has redacted the names of high level public officials throughout the production on the basis of Exemption 6, including the names of the former Surgeon General, Solicitor General and the Commissioner of the Immigration and Naturalization Service. . . .  These sweeping redactions appear unnecessary to protect the personal privacy interest that may attach to the limited portions of the information that identify a specific individual. . . .  Furthermore, . . . [t]hese officials simply do not have a reasonable expectation of privacy in their identity reflected in official correspondence and policy documents. . . .  Under other circumstances, [P]laintiff would seek to compel a *Vaughn* index or justifying declarations from defendant before asking the Court for relief.  However, [D]efendant's excessive delay at every stage of processing [P]laintiff's request has put [P]laintiff in a time crunch with respect to completing her manuscript.

*Id*. at 3-7.

Despite USCIS's opposition to Ms. Canaday's motion, *see* Dkt. # 8, the Court ordered USCIS to present the documents at issue to the Court for an *in camera* inspection.  *See* Apr. 16, 2008 Minute Entry Order ("Defense counsel convincingly pleads a heavy work load.  The easiest way to resolve this case will be through an in camera inspection of the eighteen redacted documents produced

---

[1] *See* 52 U.S.C. §§ 552(b)(2) (allowing agency to withhold a purely internal administrative marking in which there is no legitimate public interest); (b)(5) (allowing agency to withhold predecisional information recorded in the course of the agency's deliberative process); and (b)(6) (allowing agency to withhold specific identity information where the disclosure of such information would constitute an unwarranted invasion of personal privacy of individuals, while failing to enhance the public's understanding of how the agency fulfills its statutory responsibilities).

by Defendant pursuant to Plaintiff's FOIA request."). USCIS produced the documents to the Court for review with an accompanying *Vaughn*[2] index. *See* Dkt. # 11.

### A. Non-exempt documents or portions of documents

After an *in camera* inspection of the documents and a review of the *Vaughn* index, the Court has determined that the following redactions are not exempt from disclosure under FOIA:

- third redaction on page 110 (text of letter)
- third redaction on page 111 (text of letter)
- third redaction on page 112 (text of letter)
- second redaction on page 113 (text of letter; all but the name of potential immigrant)
- second redaction on page 115 (all but name and associated number of potential immigrant)
- fourth redaction on page 119 (text of letter; all but the name of potential immigrant)

### B. Exempt documents or portions of documents

All other redacted information is determined to be exempt under FOIA and properly withheld by USCIS under Exemptions 5 and 6.[3]

#### 1. Exemption 5

Exemption 5 of FOIA provides for the withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The deliberative process privilege exempts from disclosure documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975) (citation omitted). Exemption 5 "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions

---

[2] *Vaughn v. Rosen*, 484 F.2d 820 (1973).

[3] Ms. Canaday did not take issue with redactions based on Exemption 2 in her motion; therefore, the Court did not review withholdings based on Exemption 2 in its *in camera* review.

of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Such documents are protected in order to promote "the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001) (internal citations omitted); *accord Tax Analysts v. IRS*, 117 F.3d 607, 617 (D.C. Cir. 1997) (the quality of decision-making would be seriously undermined if agencies were forced to operate in a "fish bowl" since open and frank discussion regarding legal or policy matters would be impossible). To qualify for withholding, material must be both predecisional and deliberative. *Judicial Watch, Inc. v. Dep't of Energy*, 412 F.3d 125, 129 (D.C. Cir. 2005).

> A document is predecisional if it was prepared in order to assist an agency decisionmaker in arriving at his decision, rather than to support a decision already made. Material is deliberative if it reflects the give-and-take of the consultative process. [The D.C. Circuit's] recent decisions on the deliberativeness inquiry have focused on whether disclosure of the requested material would tend to discourage candid discussion within an agency.

*Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (citations and internal quotation marks omitted).

After its *in camera* review, the Court is satisfied that USCIS properly invoked Exemption 5. The redactions based on Exemption 5 are to purely internal, predecisional documents that reveal the thought processes of the decisionmaker(s) who wrote them. *Judicial Watch*, 412 F.3d at 129.

    2.    <u>Exemption 6</u>

Exemption 6 of FOIA provides for the withholding of matters contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Supreme Court has held that Exemption 6

was "intended to cover detailed Government records on an individual which can be identified as applying to that individual." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982). Information need not be located in "personnel files" to come within the ambit of Exemption 6, however, because Exemption 6 is necessary "to protect individuals from injury and embarrassment that can result from the unnecessary disclosure of personal information." *Id*. at 599, 601. To determine whether an agency has properly invoked the personal privacy exemption, the court must balance the public interest in disclosure against the privacy interest the exemption is intended to protect. *Dep't of State v. Ray*, 502 U.S. 164, 175 (1991).

USCIS invoked Exemption 6 to protect the identities of certain Federal employees. *See, e.g.*, *Vaughn* index at 4 ("The release of these names would be a clear invasion of the personal privacy of those individuals while, at the same time, [would] serve no legitimate public interest since the release of this information would shed no additional light on the manner in which this agency fulfills its statutory obligations."). The Court agrees that there is a privacy interest in the identifying information of the Federal employees even though the information may have been public at one time. As USCIS explained, "While such information was at some time available to the public, the individuals to whom it pertains, nevertheless, have well-defined privacy interests in maintaining its practical obscurity, particularly since it has become hard-to-find information as Plaintiff concedes. Public figures do not forfeit all vestiges of privacy by virtue of their status." *See* Banks Decl. ¶ 11; *see also Halpern v. FBI*, 181 F.3d 279, 296-97 (2d Cir. 1999) (government officials have a privacy interest in protecting their identities because disclosure "could subject them to embarrassment and harassment in the conduct of their official duties and personal affairs.") (internal citation omitted). While there may be some public interest in obtaining the identifying information of the Federal employees at issue, disclosure would not

shed any light on the workings of USCIS. *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999) (the only legitimate public interest in the balancing analysis is "the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.") (internal citations omitted).

Other withholdings pursuant to Exemption 6 concern medical records and identifying information of "potentially excludable aliens." *See, e.g.*, *Vaughn* index at 28. According to USCIS, these "aliens are not only identified by name, but could also be identified by the unique circumstances regarding their immigration cases, the very circumstances that led to their notoriety in the first instance." *See* Banks Decl. ¶ 13. There is an obvious privacy interest in medical information; accordingly, the Court approves the redaction of specific names and identifying information of aliens. However, the Court does not agree that all information regarding the circumstances of their immigration cases is exempt. In some instances, such information is general enough that it cannot be said to identify the particular alien at issue. Moreover, the release of such information sheds light on how the agency carried out its obligations under the law. *Lepelletier*, 164 F.3d at 46. That information, as detailed above, must be released to Plaintiff.

Defendant must produce to Plaintiff no later than April 27, 2008, the non-exempt portions of the documents as determined by the Court's *in camera* review. The parties will advise the Court no later than May 15, 2008, if this case can be closed. A separate order accompanies this Memorandum Opinion.

Date: April 21, 2008         _____/s/_____
                             ROSEMARY M. COLLYER
                             United States District Judge